# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

35 Bar and Grille, LLC; C. B. Restaurants,
Inc.; E & I Enterprises, Inc.; Endless Music, LLC;
FLWW, Inc.; Hacienda Club, LLC; KHG of San
Antonio; Michael D's Restaurant San
Antonio, Inc.; the Players Club, LLC;
RCI Entertainment,(San Antonio), Inc.;
Sacolo, Ltd.; Spiros Partnership, Ltd.,
and Tripolis Enterprises, Inc.,

                    Plaintiffs,                    **SA 13 CV 0034 OG**

v.                                                 Civil Action No. 13-_____

CITY OF SAN ANTONIO, TEXAS,
                    Defendant.
_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## COMPLAINT FOR DAMAGES
## DEMAND FOR A JURY TRIAL
## DEMAND FOR ATTORNEYS' FEES

COME NOW Plaintiffs: 35 Bar and Grille, LLC; C. B. Restaurants, Inc.; E & I

Enterprises, Inc.; Endless Music, LLC.; FLWW, Inc.; Hacienda Club, LLC; KHG of San Antonio;

Michael D's Restaurant San Antonio, Inc.; RCI Entertainment (San Antonio), Inc., Sacolo, Ltd.;

Spiros Partnership, Ltd.; The Players Club, LLC; Spiros Partnership, Ltd.; and Tripolis

Enterprises, Inc., who, by and through their undersigned attorneys, sue Defendant, the City of San

Antonio, and for their Complaint allege as follows:

# I. PRELIMINARY STATEMENT

1.        This is an action brought by Plaintiffs listed above for declaratory and injunctive relief with respect to the constitutionality of actions undertaken by the Legislative and Executive representatives of City of San Antonio, a Texas Municipal Corporation, restricting adult entertainment establishments through a framework of zoning and regulatory ordinances, which, jointly and severally, impose restrictions and prohibitions on First Amendment protected expression, specifically on adult entertainment businesses.

2.        It is further alleged that the legislation challenged herein violates the constitutional rights of the Plaintiffs.    Plaintiffs seek damages and injunctive relief for the irreparable harm directly caused by the City of San Antonio's unlawful actions.

3.        The legislation imposes restrictions against free speech protected by the First Amendment to the Constitution of the United States, as applied to the States by the Fourteenth Amendment to the Constitution and also protected by Article I, § 8 of the Constitution of the State of Texas which provides:

> 8.  Freedom of speech and press; libel
>
> Sec. 8.  Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press.

*Ibid.*

4.        Plaintiffs submit that the subject restrictions act as a prior restraint, lack a methodologically sound legislative basis or predicate, allow for the exercise of unbridled administrative discretion, lack procedural safeguards and specified brief time limits, impose zoning

regulations that fail to provide adequate alternative avenues of communication for Adult Uses, and

which restrictions are overbroad and fundamentally unconstitutional, both facially and as applied.

## II. JURISDICTION AND VENUE

5.          1. This suit is brought pursuant to 42 U.S.C. §1983:
Every person who, under color of any statute, ordinance, regulation,
custom, or usage, of any State or Territory or the District of
Columbia, subjects, or causes to be subjected, any citizen of the
United States or other person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured in an action
at law, suit in equity, or other proper proceeding for redress.

6.          This Court has "Federal Question" jurisdiction pursuant to 28 U.S.C. §1331

to hear cases arising under the Constitution of the United States, under 28 U.S.C. §1343(3) to

redress the deprivation under color of state law of any right, privilege or immunity secured by the

Constitution, and under 28 U.S.C. §1343(4) to secure equitable or other relief for the protection of

civil rights.  This Court's jurisdiction is also invoked to protect Plaintiffs' rights under the First,

Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and to Article I,

Section 10 of the Constitution of the United States.

7.          The jurisdiction of this Court is invoked pursuant to 28 U.S.C., Sec. 2201

and to Rule 65, Federal Rules of Civil Procedure, with respect to the remedies sought by Plaintiffs.

8.          Plaintiffs' Supplemental State Law claim is brought pursuant to this Court's

Supplemental Jurisdiction as provided for in 28 U.S.C., § 1367.

9.          This Court may enter an award of attorney's fees pursuant to 42 U.S.C.

§1988.

10.        This Complaint seeks declaratory relief to prevent violations of the

Plaintiffs' rights, privileges and immunities under the Constitution of the United States and Title 42

U.S.C. §§ 1983 and 1988, specifically seeking redress for the deprivation under color of state

statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured by the

Constitution and laws of the United States.

11.        This action is brought to determine issues, rights and liabilities of an actual

and present controversy between the parties involving the constitutional validity of San Antonio

legislation, attempting to impose a vast number of restrictions and requirements on places of public

assembly providing entertainment heretofore not deemed to be "adult entertainment," or "sexually

oriented," and essentially making it impossible to operate any form of facility offering protected

forms of expression, previously compliant or otherwise.

12.        There are substantial *bona fide* doubts, disputes and questions that must be

resolved concerning whether the subject provisions of the San Antonio legislation at issue violate

the rights of Plaintiffs and their employees [1] and patrons under the First Amendment to the

Constitution of the United States, as applied to the states through the Fourteenth Amendment to the

United States Constitution, and Article I, Section 10 of the Constitution and pursuant to Article I, §

8 of the Constitution of the State of Texas.

13.        All elements necessary to support a cause of action for declaratory relief are

present:

a.        There is a *bona fide*, actual present need for a declaration of whether the

City of San Antonio regulations at issue herein are unconstitutional;

b.    The declaration sought deals with a present controversy as to an ascertainable set of facts;

c.    Constitutionally provided and protected rights and privileges of the Plaintiffs and of their employees and patrons are dependent upon the law applicable to the facts;

d.    Plaintiffs and the City of San Antonio have an actual, present, adverse and antagonistic interest in the subject matter of this complaint;

e.    The antagonistic and adverse interests are all before this Court;

f.    The relief sought is not merely the giving of legal advice or providing the answer to a question propounded from curiosity but stems from an actual controversy.

14.    Plaintiffs are entitled to preliminary and permanent injunctive relief to protect their rights and those of their employees and patrons.

15.    Plaintiffs are also entitled to declaratory and injunctive relief on behalf of all citizens and residents of San Antonio whose First Amendment freedoms are being abridged by Defendant's actions.

16.    Those Plaintiffs who were also parties to the Settlement Agreement in *Allstars, et.al., v. City of San Antonio*, Case No. 5:03-cv-356 FB also seek to enforce that Settlement Agreement.

17.    All conditions precedent to the institution of this action have occurred.

18.    Plaintiffs seek to obtain a permanent injunction to enjoin Defendant San

Antonio from enforcing any and all provisions of Ordinances 2012-12-06-0934 and 2012-12-06-0933 because such enforcement eliminates, prevents, chills and/or discourages, and, ultimately, totally restrains Plaintiffs from owning, operating and participating in the presentation of Constitutionally protected speech, in the form of dance performances, now arbitrarily banned in San Antonio.

19.        Plaintiffs further seek a declaratory judgment specifically finding the subject provisions of Ordinances 2012-12-06-0934 and 2012-12-06-0933 to be unconstitutional because said provisions deny Plaintiffs their Federal Constitutional rights of free speech and expression, due process, equal protection, adequate procedural safeguards, and prompt judicial review.

20.        If Defendant, the City of San Antonio, is permitted to even partially enforce the unconstitutional provisions of Ordinances 2012-12-06-0934 and 2012-12-06-0933, Plaintiffs and their employees, in addition to the irreparable injury that they will suffer by the suppression of their free speech, will also suffer financial damages.

21.        Venue is proper in the San Antonio Division of the Western District of Texas since the conduct complained of herein occurred within Bexar County, which is within geographical area assigned to the Western District of Texas, San Antonio Division.

22.        Venue is also proper in the San Antonio Division of the Western District of Texas because Defendant is a resident of this Division and Plaintiffs are either residents of the Division or do business in the Division.


### III. PARTIES

23.        Plaintiff, 35 Bar and Grille, LLC; d/b/a San Antonio Mens Club, 8244

Interchange Parkway San Antonio, Texas 78218, is a Texas Limited Liability Company duly authorized to do business in the State of Texas.

24.          Plaintiff, C. B. Restaurants, Inc., d/b/a Sugars, 2731 NW Loop 410 San Antonio, Texas 78216, is a Texas Corporation duly authorized to do business in the State of Texas.

25.          Plaintiff, E & I Enterprises, Inc., d/b/a Allstars, 9440 IH 10 San Antonio, Texas 78230, is a Texas Corporation duly authorized to do business in the State of Texas.

26.          Plaintiff Endless Music, LLC, d/b/a Endless Music, 19314 Highway 281 North San Antonio, Texas 78259, is a Texas Limited Liability Company duly authorized to do business in the State of Texas.

27.          Plaintiff, FLWW, Inc., d/b/a Babe's Mens Club, 4211 Sungate San Antonio, Texas 78217, is a Texas Corporation duly authorized to do business in the State of Texas.

28.          Plaintiff, Hacienda Club, LLC, d/b/a Hacienda Club, 3127 Mission Road San Antonio, Texas 78214, is a Texas Limited Liability Company duly authorized to do business in the State of Texas.

29.          Plaintiff, KHG of San Antonio, d/b/a Tiffany's Cabaret, 8736 Wrzbach Road San Antonio, Texas 78230, is a Texas Limited Liability Company duly authorized to do business in the State of Texas.

30.          Plaintiff, Michael D's Restaurant of San Antonio, Inc., d/b/a Wild Zebra the Gentlemen's Paradise, 2525 NE Loop 410 #108B San Antonio, Texas 78217, is a Texas Corporation duly authorized to do business in the State of Texas.

31.          Plaintiff, The Players Club, LLC, d/b/a Players Club Paradise, 4000 N IH35 San Antonio, Texas 78219, and d/b/a The Players Club West, 411 Old U.S. Highway 90 West San

Antonio, Texas 78237, is a Texas Limited Liability Company duly authorized to do business in the State of Texas.

32.          Plaintiff RCI Entertainment, (San Antonio), Inc., d/b/a XTC Cabaret, 2023 Sable Lane San Antonio, Texas 78217, is a Texas Corporation duly authorized to do business in the State of Texas.

33.          Plaintiff Sacolo, Ltd., d/b/a Perfect 10, 111 NW Loop 410 San Antonio, Texas 78216, is a Texas Domestic Limited Partnership duly authorized to do business in the State of Texas.

34.          Plaintiff Spiros Partnership, Ltd., d/b/a Rick's Cabaret, 5418 Brewster St. San Antonio, Texas 78233, is a Texas Domestic Limited Partnership duly authorized to do business in the State of Texas.

35.          Plaintiff Tripolis Enterprises, Inc., d/b/a Palace Men's Club, 2482 NE Loop 410 San Antonio, Texas 78217, is a Texas Corporation duly authorized to do business in the State of Texas.

36.          Defendant, City of San Antonio, is a Texas Municipal Corporation, existing and operating pursuant to Article XI of the Texas Constitution, the Texas Local Government Code, § 1.001, *et.seq.*, LOC. GOV'T., and to the Charter of the City of San Antonio.

37.          Defendant, City of San Antonio, may be served through its Mayor:
The Honorable Julian Castro
Mayor, City of San Antonio
City Hall, 4th Floor
100 Military Plaza
San Antonio, TX 78205

## IV.  GENERAL ALLEGATIONS

## A. PLAINTIFFS' STATEMENT OF POSITION

38.         Plaintiffs operate places of business that offer to the public at large, but over the age of 18, dance and other forms of speech and expression that are protected by the First Amendment to the Constitution of the United States and by Article I, § 8 of the Constitution of the State of Texas. The content of these dance performances was designed to be compliant with the prior legislation dealing with "sexually oriented businesses." The speech and expression offered to the adult public within Plaintiffs' businesses is not obscene under appropriate legal standards.

39.         Plaintiffs' business success is based on anticipated public appeal in the expressive dance performances performed by professional artists, a format successfully and lawfully presented and utilized in numerous cities and counties throughout Texas and the United States.

40.         The Plaintiffs believe that the presentation of expressive dance performances is a beneficial social activity which creates an improved self image for the dancer and joy and entertainment for the beholder.  The Plaintiffs consider the appreciation of the human body (an integral component of the exotic dance performances described herein, which exhibit the socially accepted and/or popular contemporary concepts of physical ability and attractiveness), a socially fulfilling experience for both performers and patrons.

41.         The Plaintiffs wish to continue to communicate the above beliefs through the medium of dance, through the presentation of professional exotic dance performances at their existing businesses in the City of San Antonio.

42.         The locations of Plaintiffs' existing businesses are in areas of commercial land uses served by appropriate roadways

43.     Plaintiffs' locations are zoned to permit the underlying land use of commercial places of assembly offering live entertainment.

44.     For the reasons set out below, the locations of Plaintiffs' businesses are not presently required to meet the segregation requirements of the prior City of San Antonio Adult Use Zoning Regulations.

45.     Plaintiffs' business locations have been the subject of investment and development sums to upgrade and maintain their facilities as first class places of public assembly.

46.     The operation of the Plaintiffs' businesses has not caused any secondary effects within San Antonio.  The operation of the businesses has not caused decreases in property values, increases in criminal activity, or the acceleration of urban blight, and has been in compliance with all previous City regulations.

47.     Plaintiffs' businesses are in compliance with all relevant governmental building codes, and are safe for public occupancy as assembly occupancies.

48.     As a direct and proximate result of San Antonio's unconstitutional legislation, the Plaintiffs will be thwarted and restrained from enjoying the benefits of contractual relationships, and restrained from providing to the adult public forms of expressive speech arbitrarily prevented by San Antonio's unconstitutional actions.

## B.  DESCRIPTION OF THE FACTUAL HISTORY LEADING TO THE INSTANT DISPUTE

### B. 1.  DESCRIPTION OF THE ZONING REGULATIONS

49.     In 1976, the Supreme Court found content-based zoning regulations to be

constitutional based on the "secondary effects doctrine" as expressed in *Young v. American Mini-Theatres, Inc.*, 427 U.S. 50, 96 S.Ct. 2440 (1976). Two years later, the City of San Antonio adopted its first Adult Use Zoning Ordinance.

50.      The constitutionality of the San Antonio Adult Use Zoning Ordinance was upheld in *Olmos Realty Company v. State*, 693 S.W.2d 711 (Tx. App. San Antonio, 1985).

51.      The adult use zoning regulations approved in *Olmos* went through several iterations, including an amendment to the nonconforming use provisions as of April 2, 1995 and adopted April 27, 1995, and also including codification in various zoning codes and Unified Development Codes.

52.      On December 6, 2012, the San Antonio City Council adopted Ordinance 2012-12-06-0934, amending the San Antonio Unified Development Code as it applies to sexually-oriented Adult Uses (Sexually Oriented Businesses). A copy of this Ordinance is found as Exhibit A, attached hereto and made a part hereof by reference.

53.      Most of these amendments were ministerial in nature, (*e.g.*, amending names of departments, amending cross-references and repealing the Code's provision dealing with appeals of adverse administrative decisions to a Court).

54.      The definition of a disqualifying "place of religious worship" was also amended and "licensed child care facilities" were added as disqualifying land uses.

55.      The approval mechanism for a sexually-oriented Adult Use was changed from a Building Code type Certificate of Occupancy to a "Zoning Determination."

56.      Most critically, the definition of an adult entertainment establishment, which Plaintiffs relied on to establish their previously compliant business formats, was changed. The

prior regulation read:

> *Adult entertainment establishment.*  A place of business where live entertainment is provided for patrons, or a portion of a business set aside for providing live entertainment to patrons, in which a significant portion of the entertainment is characterized by an emphasis on the exhibition, depiction, or description of specified anatomical areas or specified sexual activities; or a place where entertainment is provided to patrons wherein, because of the exhibition of specified anatomical areas or specified sexual activities, admittance is limited to adults, or admittance is advertised or promoted as being restricted to adults.

Section 35-A101, City of San Antonio Unified Development Code, prior to December, 2012.

57.        The current definition was changed for the purported purpose of clearing up "ambiguities," but, based on information and belief, Plaintiffs allege that these changes were done to restrict and eliminate the Plaintiffs' previously compliant business formats:

> *Adult Cabaret* means an establishment that, as one of its primary business purposes, offers to customers live entertainment which is intended to provide sexual stimulation or sexual gratification to such customers, and which is distinguished by or characterized by an emphasis on matter depicting, describing or relating to specified sexual activities, or specified anatomical areas.

Section 35-A101, City of San Antonio Unified Development Code, as amended by Ordinance 2012-12-06-0934.

58.        The Unified Development Code was also amended to add the following definition of "Nude, or nudity or state of nudity:"

> *Nude or nudity or state of nudity* means:
>
> > (a) The appearance of the bare buttock; anus; male genitals; female genitals; or entire female breast; or
> >
> > (b) A state of dress which fails to completely and opaquely

cover the buttock; anus; male genitals; female genitals; or
entire female breast.

Section 35-A101, City of San Antonio Unified Development Code, as amended by Ordinance
2012-12-06-0934.

59.        Strangely, Ordinance 2012-12-06-0934 deleted the definition of partial

nudity, which formerly read:

*Partial nudity.*     Exposure of the female breast or breasts, or
exposure of the male or female pubic area or buttocks.

60.        The foregoing definition was replaced with a definition of "Semi-nude or

semi-nudity or state of semi-nudity:"

*Semi-nude or semi-nudity or state of semi-nudity* means a state of
dress that fails to completely and opaquely cover:

(a) Human genitals, pubic region or public hair; or

(b) Crevice of buttocks or anus; or

(c) Any portion of the female breast that is situated below a
point immediately above the top of the areola; or

(d) Any combination of (a), (b), or (c).

Section 35-A101, City of San Antonio Unified Development Code, as amended by Ordinance
2012-12-06-0934.

61.        As set forth above, the definition of "semi-nudity" allows ***more*** "exposure"

than the "nudity" definitions. Finally, Ordinance 2012-12-06-0934 amends the definition of

"specified anatomical areas" which used to read:

*Specified anatomical areas* means the human genitals, crevice of
buttocks, pubic region, anus, and the areola of the post puberty

female breast.

62.         The foregoing definition was replaced with:
*Specified anatomical areas means* failure to completely and
opaquely cover:

(a) Human genitals, pubic region or public hair; or

(b) Crevice of buttocks or anus; or

(c) Any portion of the female breast that is situated below a point
immediately above the top of the areola; or

(d) Human male genitals in a discernibly erect state, even if
completely and opaquely covered.

(e) Any combination of the foregoing.

Section 35-A101, City of San Antonio Unified Development Code, as amended by Ordinance
2012-12-06-0934.

63.         Each Plaintiff herein has carefully structured the presentation of its live,
protected speech, to comply with the parameters of the previous definitions, and establishing a
business format that does not render the Plaintiffs "SOB'S," in compliance with all prior
regulations.

64.         The amendments to the definitions described in the preceding paragraphs
have the effect of making each Plaintiff subject to the application and restrictions of the new
challenged legislation, which will result in the closure and cessation of every Plaintiffs' business,
and, through the application.

65.         The change in operative "definitions" and the imposition of the zoning
restrictions triggered by these changed definitions purportedly brings Plaintiffs' businesses under

the confusing and problematic Nonconforming Use Rights applicable to 'Sexually Oriented Businesses," pursuant to § 35-708 of the San Antonio Unified Development Code. [2] Apparently, also applicable would be that this change in operative "definitions" and the imposition of the zoning restrictions triggered by these changed definitions, make Plaintiffs' businesses subject to the Code's equally confusing [3] general nonconforming use provisions:

    c)     **By Action of the Zoning City.**   The zoning city may inquire into the existence of a nonconforming use, and after public hearing and investigation into the conditions created by the use, fire or health hazards created by the use, and any other danger or nuisance to the public due to or created by any condition or use existing on the property, require the discontinuance of such use. The owner of the use under investigation by the board shall have not less than ten (10) days' written notice prior to the day of the public hearing. Time allowed for discontinuance of such use shall be prescribed by the board at a subsequent public hearing, after having heard from the affected parties, based on the board's ruling as to a reasonable amortization period for the nonconforming use. In prescribing said time period, the board shall consider the following factors:

    (1)     The owner's capital investment in structures, fixed equipment, and other assets (excluding inventory and other assets that may be feasibly transferred to another site) on the property before the time the use became nonconforming.

    (2)     Any costs that are directly attributable to the establishment of a compliance date, including demolition expenses, relocation expenses, termination of leases, and discharge of mortgages.

    (3)     Any return on investment since inception of the use, including net income and depreciation.

    (4)     The anticipated annual recovery of investment,

including net income and depreciation.

...

(d)     **At the Direction of City Council.**  The zoning city, at the
direction of the city council, shall require the discontinuance
of a nonconforming use.  The board, after having heard from
the affected parties, must provide a reasonable amortization
period for the discontinuance of such use based on the
factors set forth in subsection (c), above.

Section 35-706, City of San Antonio Unified Development Code.

66.        In light of the foregoing, Plaintiffs' businesses, having been made

nonconforming by Ordinance 2012-06-12-0934, continue to exist at the whim and caprice of the

City of San Antonio which has the absolute right to cause Plaintiffs' protected speech to cease

without any procedural safeguards, whatsoever.

## B. 2.  DESCRIPTION OF PLAITIFFS' HISTORY WITH
## APPLICABLE OPERATING PROVISIONS

67.        Although the City of San Antonio has had adult use zoning regulations

since 1978, it apparently adopted its first Adult Use Operating Ordinance on April 17, 2003,

governing "Human Display Establishments."

68.        On May 2, 2003, the Human Display Ordinance was challenged in this

Court by E & I Enterprises, d/b/a Allstars; [4] Sacola, Ltd.; C. B. Restaurants, XTC and two Jane

Roe Plaintiffs.  *Allstars, et.al., v. City of San Antonio*, Case No. 5:03-cv-356 FB.

69.        Paradise Entertainment and Nevada, Inc., subsequently intervened as

Plaintiffs in that action.

70.        A related case, *Tropolis Enterprises, Inc., v. City of San Antonio*, No. 5:03-

cv-357 FB, was filed the same day.  FLWW, Inc., was also a Plaintiff in this second action.

71.        C. B. Restaurants, E & I Enterprises, Sacola, Ltd., and Tripolis Enterprises, Inc., are Plaintiffs herein.   XTC is now RCI Entertainment, San Antonio, Inc., and is also a Plaintiff herein.

72.        After extensive litigation, in case 5:03-cv-356, a Settlement Agreement was reached.  The Settlement Agreement was approved by the San Antonio City Council on May 5, 2005.  A copy of the Agreement is found as Exhibit B, attached hereto and made a part hereof by reference.

73.        The "Advisory to the Court – Approval of Settlement Agreement" is captioned: "Allstars, PT's, Sugars, XTC, Jane Roe 1 and Jane Roe II, Plaintiffs. Paradise Entertainment, Inc., and Nevada, Inc., Plaintiff-Intervenors, vs. City of San Antonio, Texas, Defendant." XTC was terminated from the action on March 28, 2005, a little over a month before the City approved the Settlement Agreement.

74.        The Advisory does not specifically name the Plaintiffs covered by the Agreement, and the Agreement is simply signed: "James O. Deegear, III, Attorney for Plaintiffs."

75.        Because XTC was terminated from the action before the Settlement Agreement was approved, the Agreement presumptively does not apply to XTC or its successors. As to Sacola, Ltd., although not named in the caption as the Settlement Agreement was filed with the Court, it was still an active participant in the case and is presumably covered by the Agreement.

76.        The *Tripolis* case was ultimately dismissed without prejudice on May 30, 2006, on a motion by Tripolis Enterprises, Inc., presumably on the grounds of mootness based on the settlement of the first case.

77.        The Settlement Agreement (Exhibit B), called for a number of specific changes to the provisions of the Human Display Ordinance, which changes were required to be incorporated into the City of San Antonio Code.

78.        On December 9, 2005, RCI Entertainment, (San Antonio) d/b/a XTC, filed suit against the City of San Antonio in Bexar County District Court (No, 2005CI19317) challenging the Human Display Ordinance's requirements for authorization of applications for permits by 35% of the owners, a requirement that was clearly impractical, if not impossible, for that publicly traded corporation.

79.        The City removed the Complaint to this Court (Case No. 5:06-cv-48) after which it was remanded to state court for a resolution of the requirement that only an "owner" could apply to the City for a Sexually Oriented Business permit and that an "owner" had to own more than 35% of the corporation.

80.        The outcome of the case is not clear because the challenged provisions apparently remained in the Human Display Ordinance as it was amended by Ordinance 2012-12-06-0933.

81.        Notwithstanding that it adopted a new "Human Display Ordinance" in June, 2005, the City chose to amend not only its adult use zoning regulations as described in Section B. 1., above, but also its Adult Use Operating Ordinance.

82.        This Amendment was adopted as Ordinance 2012-12-06-0933 and is found as Exhibit C, attached hereto and made a part hereof by reference.

83.        The City of San Antonio 2005 Human Display Ordinance states in its predicate, "that various municipalities and counties situated outside [San Antonio]'s jurisdiction

have experienced adverse secondary effects resulting from public places where a state of nudity, semi-nudity or specified sexual activities occur or exist, including but not limited to:" and then lists 32 jurisdiction as set forth on Exhibit D. [5]

84.       The same general list is drawn directly and indirectly from various organizations who urge the elimination and complete censorship of any entertainment deemed to be inconsistent with their viewpoints on "adult oriented" entertainment, or anything even approaching "adult" themed communication.

85.       In contrast, the list of "documents" "supporting the 2012 enactment include 20 of the same documents as used in 2005 [6] and eight new documents.

86.       Of the eight additional documents cited in the 2012 Ordinance, six were also available to the City and were in general circulation at the time of the adoption of the 2005 Ordinance.

87.       The two documents that were prepared between 2005 and 2012 consist largely of opinion surveys, arguably inadmissible under the Federal Rules of Evidence, since they are not compliant with the Federal Manual on Scientific Evidence. Also, in this new material is an untrustworthy and shoddy discussion of crime allegedly associated with sexually-oriented Adult Uses by Richard McCleary whose work on this and a related topic has recently been rejected by the Supreme Court of New York, [7] and by the United States District Court for the Northern District of Illinois. [8]

COUNT I

## THE CHALLENGED LEGISLATION IS VOID BECAUSE OF THE LACK OF ANY VALID LEGISLATIVE PREDICATE

88.    Plaintiffs re-allege and incorporate ¶¶ 1 through 87, *supra*, as if fully set out herein.

89.    This is an action for declaratory and injunctive relief.

90.    Ordinances 2012-12-06-0934 and 2012-12-06-0933 violate the rights guaranteed Plaintiffs by the United States Constitution, on their faces and as applied to Plaintiffs, as unlawful exercises of the state's police power in that there is no substantial relationship to the protection of the public health and welfare or any legitimate governmental objective, resulting in the fact that there has been no proper predicate for the basis of the challenged legislation.

91.    Since all but two of the documents cited in the 2012 Ordinance were available to the City at the time it adopted its 2005 Ordinance, and the two new documents have no evidentiary value, whatsoever, there is no evidence whatsoever that the 2005 Ordinance did not adequately address the issues which the Ordinance was alleged intended to remedy or that Plaintiffs' businesses have actually been responsible for any "adverse secondary effects" in their vicinities or throughout the City.

WHEREFORE, Plaintiffs respectfully request that this Court GRANT the following relief:

a.    Declaring that City of San Antonio Ordinances 2012-12-06-0934 and 2012-12-06-0933 lack any predicate whatsoever to demonstrate that there are adverse secondary effects caused by Plaintiffs' businesses or Adult Uses generally.

b.    Declaring that the City has offered no evidence to justify the additional restrictions imposed by the 2012 Ordinances on the grounds that the 2005 Ordinance

was ineffective.

c.          Appropriately set and hold a hearing, and preliminarily enjoin Defendant from applying and enforcing Ordinances 2012-12-06-0934 and 2012-12-06-0933 in whole or in part, against Plaintiffs, with the subsequent entry of a permanent injunction after proper administration of the complaint herein;

d.          Awarding Plaintiffs the costs of this action and such other and further relief as this Court deems fit, just, proper and equitable.


## COUNT II
## THE CHALLENGED LEGISLATION IS VOID BECAUSE IT MANIFESTS AN UNCONSTITUTIONAL PRIOR RESTRAINT


92.          Plaintiffs re-allege and incorporate ¶¶ 1 through 87, *supra*, as if fully set out herein.

93.          The imposition of the licensing, suspension and revocation procedures in the challenged legislation violates the rights guaranteed Plaintiffs by the United States Constitution, as applied, in that these procedures act as an unconstitutional prior restraint of Plaintiffs' rights to free expression, in violation of the First Amendment.

WHEREFORE, Plaintiffs respectfully request that this Court GRANT the following relief:

a.          Declaring that City of San Antonio Ordinances 2012-12-06-0934 and 2012-12-06-0933 operate as an unconstitutional prior restraint.

b.          Appropriately set and hold a hearing, and preliminarily enjoin Defendant from applying and enforcing Ordinances 2012-12-06-0934 and 2012-12-06-0933 in

whole or in part, against Plaintiffs, with the subsequent entry of a permanent injunction after proper administration of the complaint herein;

        c.          Awarding Plaintiffs the costs of this action and such other and further relief as this Court deems fit, just, proper and equitable.

<u>COUNT III</u>
<u>THE CHALLENGED LEGISLATION IS VOID BECAUSE OF ITS
LACK OF PROCEDURAL SAFEGUARDS</u>

94.          Plaintiffs re-allege and incorporate ¶¶ 1 through 87, *supra*, as if fully set out herein.

95.          The licensing, suspension and revocation procedures of Ordinance 2012-12-06-0933 violate the rights guaranteed Plaintiffs by the United States Constitution, as applied, in that the procedures for the required approvals for the newly established definition of "sexually-oriented" uses lack adequate procedural safeguards and fail to provide for prompt judicial review, in violation of the First Amendment.

96.          In particular, by way of example and not limitation, the Ordinance lacks at least the following procedural safeguards:

        a.      Section 35-424 (c) of the City of San Antonio Unified Development Code, as amended by Ordinance 2012-12-06-0934, establishes the process for the issuance of a "Zoning Determination," necessary to permit an Adult Use to open and operate. This process is constitutionally defective, as follows:

            i.      On submittal of an application for approval of a Sexually Oriented Business, the City is required to make a completeness determination

within two working days (§ 35-424 (a) (3);

ii.     If the City finds an application to be "incomplete," that finding may be appealed to the Zoning Board of Adjustment which appeal is to be scheduled for: "the next available regularly scheduled zoning board of adjustment meeting that will allow compliance with the Texas Open Meetings Act."  This requirement is entirely devoid of specified brief time limits;

iii.    Once the City determines an application to be "complete," it then has 30 days in which to issue or deny the Zoning Determination;

iv.    However, the Unified Development Code is completely and unconstitutionally silent on what happens if the City simply fails to act.

b.   Several provisions of Ordinance 2012-12-06-0933 require "consent" to detain a licensed individual (*e.g.*, § 21-307 (b)); or to enter the premises of an Adult Use (*e.g.*, § 21-207 (c)).  The detentions or searches to which license applicants are deemed to consent by applying for a license require the unconstitutional abandonment of rights guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

c.   Section 21-221 (11) bars the issuance of a license for a Sexually Oriented Business if a Certificate of Occupancy has not been obtained.  However, the procedures for obtaining a Certificate of Occupancy found in the relevant regulations are entirely devoid of procedural safeguards and specified brief

time limits, rendering this provision of Ordinance 2012-12-06-0933 unconstitutional.

d.      While Ordinance 2012-12-06-0933 purports to require the police chief to act on an application for a license within a specified time limit, the Ordinance is entirely and unconstitutionally silent on what happens if the chief merely fails to act.

e.      And where there is a provision for a "temporary" license or permit, that temporary approval is valid for only three days: a temporary approval is no approval at all.

f.      Several provisions of Ordinance 2012-12-06-0933 permit an appeal to a "hearing official" who shall be: " a hearing official designated by the city manager.  Hearings shall be conducted by the hearing official.  The hearing official shall not have participated in any investigation or decision relating to the denial of the permit." (*e.g.*, § 21-211 (e) (1)).  Nothing in the Ordinance provides the procedural safeguard that the hearing official will be the constitutionally required fair and impartial arbiter.

g.      Adding to this procedural safeguard problem is that: "Hearings shall be conducted under rules issued by the chief." (*E.g.*, § 21-213 (c)).  Thus the procedural safeguard of a hearing conducted by a neutral, fair and impartial arbiter, is further abrogated by having the rules set by one of the adversarial parties.

97.     Accordingly Ordinances 2012-12-06-0934 and 2012-12-06-0933 are

entirely devoid of the constitutionally mandated procedural safeguards.

WHEREFORE, Plaintiffs respectfully request that this Court GRANT the following relief:

a.        Declaring that City of San Antonio Ordinances 2012-12-06-0934 and 2012-12-06-0933 lack the constitutionally necessary procedural safeguards.

b.        Appropriately set and hold a hearing, and preliminarily enjoin Defendant from applying and enforcing Ordinances 2012-12-06-0934 and 2012-12-06-0933 in whole or in part, against Plaintiffs, with the subsequent entry of a permanent injunction after proper administration of the complaint herein;

c.        Awarding Plaintiffs the costs of this action and such other and further relief as this Court deems fit, just, proper and equitable.

COUNT IV
ORDINANCE 2012-12-06-0933
IS UNCONSTITUTIONALLY VAGUE AND OVERBROAD

98.        Plaintiffs re-allege and incorporate ¶¶ 1 through 87, *supra*, as if fully set out herein.

99.        Numerous provisions of Ordinance 2012-12-06-0933, are unconstitutionally vague.

100.        In particular, by way of example and not limitation, the Ordinance is vague in that:

a.        It fails to define "materially false" information on a license application that would lead to the denial or revocation of a license based on that information;

b.      Section 21-218 (a) provides detailed requirements for interior doors in an

Adult Use for that portion of the building to which patrons are omitted.

c.      But since doors may separate areas to which patrons are admitted from areas

from which patrons are excluded, this provision is unconstitutional vague as

to how these requirements apply.

d.      Further, § 21-223 defines an employee as including:

*Employee.*    Any person who renders any service
whatsoever to the customers of a sexually oriented
business, **works in or about a sexually oriented
business** or who conducts any business in a sexually
oriented business and who receives or has the
expectation of receiving any compensation from the
operator, or customers of the sexually oriented
business.  By way of example, rather than limitation,
the term includes the operator and other management
personnel, clerks, dancers, models and other
entertainers, food and beverage preparation and
service personnel, door persons, bouncers, and
cashiers. It is expressly intended that this definition
cover not only conventional employer-employee
relationships but also independent contractor
relationships, agency relationships, and any other
scheme or system whereby the 'employee' has an
expectation of receiving compensation, tips, or other
benefits from the sexually oriented business or its
customers in exchange for services performed.

*Ibid.*, [Emphasis Added].

e.      Since the foregoing definition includes "any person who works ... about," it

is overbroad in that it brings within its ambit landscapers, repairmen, trash

collectors, delivery persons and a whole host of people who should not be

covered by the Ordinance.

101.        Accordingly, Ordinances 2012-12-06-0934 and 2012-12-06-0933 are unconstitutionally vague and overbroad.

WHEREFORE, Plaintiffs respectfully request that this Court GRANT the following relief:

a.        Declaring City of San Antonio Ordinance 2012-12-06-0933 to be unconstitutionally vague and overbroad.

b.        Appropriately set and hold a hearing, and preliminarily enjoin Defendant from applying and enforcing Ordinance 2012-12-06-0933 in whole or in part, against Plaintiffs, with the subsequent entry of a permanent injunction after proper administration of the complaint herein;

c.        Awarding Plaintiffs the costs of this action and such other and further relief as this Court deems fit, just, proper and equitable.

## COUNT V
## THE CHALLENGED LEGISLATION IS VOID BECAUSE IT CONTAISN AN UNCONSTITUTIONAL PRESUMPTION OF GUILT

102.        Plaintiffs re-allege and incorporate ¶¶ 1 through 87, *supra*, as if fully set out herein.

103.        Ordinance 2012-12-06-0933 is penal in nature in that a violation of the Ordinance is a misdemeanor (§ 21-249 (a)).

104.        Since Ordinance 2012-12-06-0933 is penal in nature, persons charged with offenses under the Ordinance are constitutionally required to be afforded a presumption of innocence.

105.        Yet numerous provisions of the Ordinance, (*e.g.*, § 21-216 (b): "It shall be presumed that an attendant knew a person was under the age of eighteen unless ..."). This provision creates an unconstitutional presumption of guilt in violation of the Constitution of the United States.

WHEREFORE, Plaintiffs respectfully request that this Court GRANT the following relief:

a.        Declaring that City of San Antonio Ordinance 2012-12-06-0933 creates an unconstitutional presumption of guilt.

b.        Appropriately set and hold a hearing, and preliminarily enjoin Defendant from applying and enforcing Ordinances 2012-12-06-0934 and 2012-12-06-0933 in whole or in part, against Plaintiffs, with the subsequent entry of a permanent injunction after proper administration of the complaint herein;

c.        Awarding Plaintiffs the costs of this action and such other and further relief as this Court deems fit, just, proper and equitable.

## COUNT VI
## THE CHALLENGED LEGISLATION IS VOID BECAUSE IT CONTAINS A VIOLATION OF THE PRIVACY ACT

106.        Plaintiffs re-allege and incorporate ¶¶ 1 through 87, *supra*, as if fully set out herein.

107.        Section 21-226 (c) requires person applying for a Manager's Permit to provide a Social Security Number.

108.        The Privacy Act, Pub.L. 93-579, Sec. 7, Dec. 31, 1974, 88 Stat. 1909, specifically prohibits this requirement.

WHEREFORE, Plaintiffs respectfully request that this Court GRANT the following relief:

a.   Declaring that City of San Antonio Ordinance 2012-12-06-0933 impermissibly violates the Privacy Act.

b.        Appropriately set and hold a hearing, and preliminarily enjoin Defendant from applying and enforcing Ordinances 2012-12-06-0934 and 2012-12-06-0933 in whole or in part, against Plaintiffs, with the subsequent entry of a permanent injunction after proper administration of the complaint herein;

c.        Awarding Plaintiffs the costs of this action and such other and further relief as this Court deems fit, just, proper and equitable.

COUNT VII
PREEMPTION BY FEDERAL LAW

109.        Plaintiffs re-allege and incorporate ¶¶ 1 through 87, *supra*, as if fully set out herein.

110.        Section 21-228 (f) (2) requires an applicant for a temporary entertainer's permit to provide: "[a] copy of a valid and lawful photographic identification card that was issued to the individual by a governmental authority of the United States of America or any state, possession, commonwealth, or territory thereof."

111.        Therefore, a foreign resident, lawfully admitted into the United States by Immigration and Customs Enforcement, and lawfully permitted to work in the United States pursuant to her visa, is barred from entertaining in the City of San Antonio.

112.        This provision is preempted by Federal law which permits foreign residents to work in the United States under certain conditions.

WHEREFORE, Plaintiffs respectfully request that this Court GRANT the following relief:

a.        Declaring that City of San Antonio Ordinance 2012-12-06-0933 violates Federal law in that it limits rights granted to immigrants by the Government of the United States.

b.        Appropriately set and hold a hearing, and preliminarily enjoin Defendant from applying and enforcing Ordinance 2012-12-06-0933 in whole or in part, against Plaintiffs, with the subsequent entry of a permanent injunction after proper administration of the complaint herein;

c.        Awarding Plaintiffs the costs of this action and such other and further relief as this Court deems fit, just, proper and equitable.

## COUNT VIII
## THE CHALLENGED LEGISLATION IS BASED ON AN IMPERMISSIBLE CONTENT-BASED MOTIVE

113.        Plaintiffs re-allege and incorporate ¶¶ 1 through 87, *supra*, as if fully set out herein.

114.        The Defendant's conduct in adopting the challenged legislation violate the

rights guaranteed Plaintiffs by the United States Constitution, as applied, in that this conduct was content based and initiated for a censorial motive, in violation of the First Amendment.

WHEREFORE, Plaintiffs respectfully request that this Court GRANT the following relief:

a.          Declaring that City of San Antonio Ordinances 2012-12-06-0934 and 2012-12-06-0933 were impermissibly enacted on the basis of the content of the speech offered at the businesses subject thereto.

b.          Appropriately set and hold a hearing, and preliminarily enjoin Defendant from applying and enforcing Ordinances 2012-12-06-0934 and 2012-12-06-0933 in whole or in part, against Plaintiffs, with the subsequent entry of a permanent injunction after proper administration of the complaint herein;

c.          Awarding Plaintiffs the costs of this action and such other and further relief as this Court deems fit, just, proper and equitable.

COUNT IX
DENIAL OF EQUAL PROTECTION

115.          Plaintiffs re-allege and incorporate ¶¶ 1 through 87, *supra*, as if fully set out herein.

116.          The licensing, suspension and revocation procedures in Ordinance 2012-12-06-0933 violate the rights guaranteed Plaintiffs by the United States Constitution, in that the challenged procedures and restrictions deny equal protection of the law in that such procedures and restrictions unreasonably require the Plaintiffs to submit to controls not imposed on other similarly situated businesses or properties, as to other places of public assembly.

WHEREFORE, Plaintiffs respectfully request that this Court GRANT the following relief:

      a.            Declaring that City of San Antonio Ordinances 2012-12-06-0934 and 2012-12-06-0933 deny Plaintiffs equal protection of the law.

      b.            Appropriately set and hold a hearing, and preliminarily enjoin Defendant from applying and enforcing Ordinances 2012-12-06-0934 and 2012-12-06-0933 in whole or in part, against Plaintiffs, with the subsequent entry of a permanent injunction after proper administration of the complaint herein;

      c.            Awarding Plaintiffs the costs of this action and such other and further relief as this Court deems fit, just, proper and equitable.

## COUNT X
## INTERFERENCE WITH CONTRACTUAL ARRANGEMENTS

117.          Plaintiffs re-allege and incorporate ¶¶ 1 through 87, *supra*, as if fully set out herein.

118.          Plaintiffs have various contracts with their entertainers, their suppliers, their landlords and others.

119.          The enforcement of Ordinances 2012-12-060934 and 2012-12-06-0933 will unconstitutionally interfere, and render impossible the performance and operation of those contracts.

WHEREFORE, Plaintiffs respectfully request that this Court GRANT the following relief:

      a.            Declaring that City of San Antonio Ordinances 2012-12-06-0934 and 2012-12-06-0933 impair the obligation of contracts previously entered into between Plaintiffs

and their contract employees, their landlords and their vendors.

    b.    Appropriately set and hold a hearing, and preliminarily enjoin Defendant from applying and enforcing Ordinances 2012-12-06-0934 and 2012-12-06-0933 in whole or in part, against Plaintiffs, with the subsequent entry of a permanent injunction after proper administration of the complaint herein;

    c.    Awarding Plaintiffs the costs of this action and such other and further relief as this Court deems fit, just, proper and equitable.

COUNT XI

THE CHALLENGED LEGISLATION FAILS TO PROVIDE FOR ADEQUATE
ALTERNATIVE AVENUES OF COMMUNICATION

    120.    Plaintiffs re-allege and incorporate ¶¶ 1 through 87, *supra*, as if fully set out herein.

    121.    Pursuant to the approval processes of Ordinances 2012-12-06-0934 and 2012-12-06-0933, there is no place anywhere in the entire City of San Antonio where an Adult Use can open and operate as of right.

    122.    Because of the need to interpret the City of San Antonio Unified Development Code as to permitted locations for sexually-oriented Adult Uses, there is also no place anywhere in the City of San Antonio where the newly defined "SOB" can open and operate as of right.

    123.    Further, applying the segregation requirements of Ordinance 2012-12-06-0934 and the case law determining whether or not "sites" for the newly defined

"SOB" are part of the relevant real estate market, there is no place anywhere in the City of San Antonio where a newly defined "SOB" can physically open and operate.

WHEREFORE, Plaintiffs respectfully request that this Court GRANT the following relief:

a.      Declaring that City of San Antonio Ordinances 2012-12-06-0934 and 2012-12-06-0933 fail to provide adequate alternative avenues of communication for sexually-oriented Adult Uses.

b.      Appropriately set and hold a hearing, and preliminarily enjoin Defendant from applying and enforcing Ordinances 2012-12-06-0934 and 2012-12-06-0933 in whole or in part, against Plaintiffs, with the subsequent entry of a permanent injunction after proper administration of the complaint herein;

c.      Awarding Plaintiffs the costs of this action and such other and further relief as this Court deems fit, just, proper and equitable.

## COUNT XII
## ABROGATION OF SETTLEMENT AGREEMENT

124.    Plaintiffs re-allege and incorporate ¶¶ 1 through 87, *supra*, as if fully set out herein.

125.    As set out above, certain Plaintiffs herein were also Plaintiffs in *Allstars, et.al., v. City of San Antonio*, Case No. 5:03-cv-356 FB, although the parent company of XTC was terminated from that case prior to its settlement.

126.    Ordinance 2012-12-06-0933 directly and deliberately abrogates the Settlement Agreement (Exhibit B hereto), in *Allstars, et.al., v. City of San Antonio*, Case No. 5:03-cv-356 FB, as evidenced by a comparison of the provisions of Exhibit C with the conditions

agreed to in Exhibit B.

WHEREFORE, Plaintiffs respectfully request that this Court GRANT the following relief:

        a.        Declaring that City of San Antonio Ordinances 2012-12-06-0934 and 2012-12-06-0933 abrogate the above specified settlement agreement.

        b.        Appropriately set and hold a hearing, and preliminarily enjoin Defendant from applying and enforcing Ordinances 2012-12-06-0934 and 2012-12-06-0933 in whole or in part, against Plaintiffs, with the subsequent entry of a permanent injunction after proper administration of the complaint herein;

        c.        Awarding Plaintiffs the costs of this action and such other and further relief as this Court deems fit, just, proper and equitable.

COUNT XIII
SUPPLEMENTAL CLAIMS UNDER THE TEXAS CONSTITUTION

127.        Plaintiffs re-allege and incorporate ¶¶ 1 through 87, *supra*, as if fully set out herein.

128.        Plaintiffs bring these Supplemental Claims as provided for in 28 U.S.C., § 1367 to the extent that Article I, § 8 of the Texas Constitution is more than co-extensive with the First Amendment to the Constitution of the United States.

129.        Plaintiffs also bring these Supplemental Claims alleging violations of other provisions of the Bill of Rights enshrined in the Texas Constitution, as set out below.

130.        Ordinances 2012-12-06-0934 and 2012-12-06-0933 violate the rights guaranteed Plaintiffs by the Constitution of the State of Texas, on their face and as applied to

Plaintiffs, in that they abridge and restrains the Plaintiffs' rights to free expression, in violation of Article I, § 8 of the Texas Constitution.

131.    Ordinances 2012-12-06-0934 and 2012-12-06-0933 violate the rights guaranteed Plaintiffs by the Constitution of the State of Texas, on their face and as applied to Plaintiffs, in that they constitute a prior restraint on such expression, in violation of the Article 1, § 8 of the Texas Constitution.

132.    Ordinances 2012-12-06-0934 and 2012-12-06-0933 violate the rights guaranteed Plaintiffs by the Constitution of the State of Texas, on their face and as applied, in that they constitute an impermissible "chilling effect" on constitutionally protected speech and expression, in violation of the Article I, § 8 of the Texas Constitution.

133.    Ordinances 2012-12-06-0934 and 2012-12-06-0933 violate the rights guaranteed Plaintiffs by the Constitution of the State of Texas, on their face and as applied to Plaintiffs, in that they act in a way that is arbitrary and capricious as applied to the Plaintiffs' proposed business.

134.    Ordinances 2012-12-06-0934 and 2012-12-06-0933 violate the rights guaranteed Plaintiffs by the Constitution of the State of Texas, on their face and as applied to Plaintiffs, as an unlawful exercise of the state's police power in that there is no substantial relationship to the protection of the public health and welfare or any legitimate governmental objective, resulting in the fact that there has been no proper predicate for the basis of the challenged legislation.

135.    Ordinances 2012-12-06-0934 and 2012-12-06-0933 violate the rights guaranteed Plaintiffs by the Constitution of the State of Texas, on their face and as applied to

Plaintiffs, in that they use terms that are vague and indefinite and fail to properly define all phrases set forth therein, and also fail to set out distinct criteria, thus leaving persons of common intelligence to guess as to their meaning and differ as to its application.

136.        Ordinances 2012-12-06-0934 and 2012-12-06-0933 violate the rights guaranteed Plaintiffs by the Constitution of the State of Texas, on their face and as applied to Plaintiffs, in that they lack adequate procedural safeguards.

137.        Ordinances 2012-12-06-0934 and 2012-12-06-0933 violate the rights guaranteed Plaintiffs by the Constitution of the State of Texas, on their face and as applied, in that they manifest an improper purpose in that the challenged legislation is not content-neutral and is not unrelated to the suppression of free speech.

138.        Ordinances 2012-12-06-0934 and 2012-12-06-0933 violate the rights guaranteed Plaintiffs by the Constitution of the State of Texas, on their face and as applied, in that they contain restrictions on free speech that are overbroad and far greater than are essential to the furtherance of any alleged government interest.

139.        Ordinance 2012-12-06-0934 violates the rights guaranteed Plaintiffs by the Constitution of the State of Texas, on its face and as applied to Plaintiff, in that they fail to provide sufficient alternative avenues of communication by impermissibly limiting available locations for the newly defined "SOB'S."

140.        Ordinances 2012-12-06-0934 and 2012-12-06-0933 violate the rights guaranteed Plaintiffs by the Constitution of the State of Texas, on their face and as applied, in that they grant unbridled discretion to the administrative officials in the enforcement of their provisions.

141.        Ordinance 2012-12-06-0933 violates the rights guaranteed Plaintiffs' by the

Constitution of the State of Texas, on its face and as applied, in that the adult use regulatory scheme is an unlawful exercise of the State's Police Power.

142.       Ordinances 2012-12-06-0934 and 2012-12-06-0933 violate the rights guaranteed Plaintiffs by the Constitution of the State of Texas, on their face and as applied to Plaintiffs, in that they deny equal rights under the law in violation of Article I, § 3 of the Constitution of the State of Texas.  This violation of equal rights occurs because the legislation is arbitrary, oppressive and capricious and unreasonably requires the Plaintiffs to submit to controls not imposed on other similarly situated businesses or properties, both locally as to other places of public assembly, and throughout the State, as to restaurants lawfully and successfully presenting protected adult oriented performances.

143.       Plaintiffs have contractual relationships for the lease of their properties, with their contract employees and with their vendors.  The actions of San Antonio, as described herein, impair the various contracts which have been entered into by Plaintiffs, in  violation of Article I, § 16 of the Texas Constitution.

WHEREFORE, Plaintiffs respectfully request that this Court GRANT the following relief:

a.       Declaring that City of San Antonio Ordinances 2012-12-06-0934 and 2012-12-06-0933 abrogate the above specified Texas Constitutional provisions.

b.       Appropriately set and hold a hearing, and preliminarily enjoin Defendant from applying and enforcing Ordinances 2012-12-06-0934 and 2012-12-06-0933 in whole or in part, against Plaintiffs, with the subsequent entry of a permanent injunction after proper administration of the complaint herein;

c.       Awarding Plaintiffs the costs of this action and such other and

further relief as this Court deems fit, just, proper and equitable.

COUNT XIV
COMPLAINT FOR DAMAGES

144.        Plaintiffs re-allege and incorporate ¶¶ 1 through 87, *supra*, as if fully set out herein.

145.        This is an action for damages pursuant to 42 U.S.C. § 1983.

146.        If the City of San Antonio is permitted to enforce its patently unconstitutional Ordinances 2012-12-06-0934 and 2012-12-06-0933, Plaintiffs will be damaged thereby.

147.        Although damages are an inadequate remedy for the deprivation of rights guaranteed by the First Amendment to the Constitution of the United States and by Article I, § 8 of the Constitution of the State of Texas, Plaintiffs, if enforcement of the Ordinances is permitted, will have suffered monetary damages as a result of the actions of Defendant, and Plaintiffs seek compensatory damages from the Defendant.

WHEREFORE, Plaintiff respectfully request that this Court GRANT the following relief:

a) Awarding all actual, consequential, direct, and special damages deemed to be attributable to Defendant, the City of San Antonio.

b) Awarding such other and further relief as this Court deems fit, just, proper and equitable.

## COUNT XV

## DEMAND FOR ATTORNEY'S FEES

148.        Plaintiffs re-alleges and incorporates ¶¶ 1 through 147, *supra*, as if fully set out herein.

149.        In their legitimate desire to pursue the rights and privileges guaranteed by the Constitution and laws of the United States, the Plaintiffs have employed the undersigned to prosecute this action and have agreed to pay a reasonable fee for same, which fees and costs should be awarded to Plaintiffs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs respectfully request that this Court GRANT the following relief:

a) Awarding any and all attorney's fees and costs as authorized by law;

b) Awarding such other and further relief as this Court deems fit, just, proper and equitable.

## DEMAND FOR JURY TRIAL

150.        The Plaintiffs herein demand a jury trial on all issues so triable.

Respectfully submitted,

Dated: January 11, 2013

STEWART J. ALEXANDER
ATTORNEY AT LAW
8018 BROADWAY, SUITE 101
SAN ANTONIO, TX 78209
(210) 828-6777
FAX (210) 822-8009
STATE BAR NO. 00999000
Email: joann@7718law.com

and for

Luke Lirot, Esq., Pending Admission *pro hac vice*
Florida Bar Number 714836
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
Telephone:      (727) 536-2100
Facsimile:      (727) 536-2110
Email:      luke2@lirotlaw.com