SA13CA0034 OG

# EXHIBIT A

PW
Item# 16 b
12/06/12

AN ORDINANCE  2012-12-06-0934

**AMENDING CHAPTER 35, UNIFIED DEVELOPMENT CODE, OF THE CITY CODE OF SAN ANTONIO, TEXAS, BY AMENDING PROVISIONS REGARDING SEXUALLY ORIENTED BUSINESSES; AMENDING DEFINITIONS; PROVIDING AN EFFECTIVE DATE; AND PROVIDING FOR PUBLICATION.**

\* \* \* \* \*

**WHEREAS**, the San Antonio City Council adopted the revised Unified Development Code (UDC) on September 22, 2005; and

**WHEREAS**, the Zoning Commission has recommended approval of those amendments pertaining to zoning issues; and

**WHEREAS**, the Planning Commission has recommended approval of those amendments pertaining to planning issues; **NOW THEREFORE,**

**BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF SAN ANTONIO:**

**SECTION 1.** The City Code of San Antonio, Texas is hereby amended by adding the language that is underlined (added) and deleting the language that is stricken (deleted) to the existing text as set forth in this Ordinance.

**SECTION 2.** Chapter 35 of the City Code of San Antonio, Texas is hereby amended as follows:

\* \* \* \*

Chapter 35, Article III, Section 35-388 is amended as follows:

**Sec. 35-388. - Sexually Oriented Business Regulations.**

These regulations are authorized by V.T.C.A. Local Government Code Ch. 243.

(a) Applicability. These regulations shall apply to all sexually oriented businesses operating on or after the effective date of this chapter. Further, any sexually oriented business annexed by the city after the effective date of this chapter shall be subject to all the requirements of this section. Existing sexually oriented businesses shall refer to this section and to nonconforming use regulations (article VII, division 1 of this chapter) to determine their appropriate classification.

(b) Property Uses Requiring Separation. Notwithstanding any provision of this chapter to the contrary, it shall be a violation to use or occupy land or a

building for the purpose of operating or maintaining a sexually oriented business within one thousand (1,000) feet from property (referenced within this section as "protected property," "protected use," or "protected zone") that is described as follows:

(1) Another sexually oriented business;

(2) Any property located within an "RP" or a residential zoning district boundary, whether temporary or permanent, or devoted to a residential use, including any land zoned for one (1) of the aforementioned residential uses which is also described as a planned unit development or traditional neighborhood development, but excluding airports;

(3) Any place of regular religious worship, including property used as a ~~devoted to~~ church, synagogue, mosque, or other religious worship facility ~~used primarily for religious worship~~;

(4) Any public or private elementary, secondary or high school; ~~or~~

(5) Any public park; or ~~.~~

(6) Any licensed child care facility.

(c) Method of Measurement and Survey Requirements.

(1) Sole Tenant. Measurements shall be in a straight line, without regard to intervening structures or objects, from the nearest property line of the lot on which the sexually oriented business is located, to the nearest property line of the protected properties described in the above subsection (a), which requires separation. This method of measurement shall apply to a sexually oriented business that ~~which~~ is the sole tenant within one (1) building located on one (1) platted lot.

(2) Multiple Tenants. Measurements shall be in a straight line, without regard to intervening structures or objects, from the nearest point of the occupied space of the sexually oriented business to the nearest property line of the protected property described in the above subsection (a) which requires separation. This method of measurement shall apply to a sexually oriented business that ~~which~~ is a tenant within a multiple tenant building.

(3) Easements Excluded. In calculating the distances described in subsections (b)(1) and (b)(2) above easements (such as right-of-way, drainage and utility easements) that are zoned as, or abut, a protected property classification, shall not be considered as part of the protected property.

2

(4) Surveyor. A certified survey prepared by a licensed surveyor or licensed engineer showing distance measurements in accordance with (1) and (2) of this subsection shall be submitted to the director ~~of planning and development services~~ for all sexually oriented businesses as part of the application for the certificate of occupancy <u>for the use</u>. Any certificate of occupancy issued for a building or facility used to conduct a sexually oriented business without submission of the required survey shall be null and void.

(d) Downtown District Prohibition. In addition to the location restrictions of subsection (a), it shall be a violation to operate, own, manage, or maintain a sexually oriented business within the "D" Downtown <u>zoning</u> district <u>boundary</u>.

(e) Nonconforming Rights. See section 35-708 of this chapter.

<u>(f)</u>~~(1)~~Annexation. Any sexually oriented business annexed by the city after the effective date of this chapter shall be subject to all the requirements of this section.

<u>(g)</u>~~(f)~~Certificate of Occupancy. See subsection 35-424(c) for procedures for issuance of a certificate of occupancy for a sexually oriented business <u>use</u>.

<u>(h)</u>~~(g)~~Violations Subject to Criminal and Civil Penalties. See section 35-497 of this chapter.

\* \* \* \* \*

Chapter 35, Article IV, Section 35-424 is amended as follows:

**Sec. 35-424. - Ministerial Permits or Approvals.**

*STATEMENT OF PURPOSE*

*The purpose of this section is to prescribe procedures for permits <u>that</u> ~~which~~ do not require quasi-judicial or legislative notice or a public hearing. A public hearing is not required for permits set forth in this section for one (1) or more of the following reasons:*

- *If required, public hearings have already been conducted relating to the permit application, and the permit application procedure is designed to ensure that the proposed use complies with a previously approved subdivision plat, master development plan, specific plan, comprehensive plan amendment, or conditional rezoning (e.g., building permit, certificate of occupancy).*
- *The proposed use is permitted by right in the applicable zoning district (e.g., building permit, certificate of occupancy).*

3

*   *The proposed use is subject to expedited review in order to avoid an unconstitutional prior restraint on speech (e.g., sexually oriented businesses, signs) or because of federal law (e.g., telecommunications permits).*

(a)   Generally (<u>Development Permits and</u> Building Permits).

   (1)   Applicability. No development or development activity may be undertaken within any incorporated territory of the city unless all development permits applicable to the proposed development are issued in accordance with the provisions of this chapter. Permits are required for all development, unless otherwise excepted, to ensure compliance with the various adopted codes, standards and laws and to ensure consistency with the master plan and policies of the city.

   (2)   Initiation. The applicant shall file a complete application for a building permit with the director ~~of planning and development services~~ on a form prescribed by the <u>director</u> ~~department of planning and development services~~. If master development plan review is required in accordance with section 35-412 or 35-413 of this chapter, the approved master development plan shall be submitted with the application for a building permit. An application for a master development plan is available from the department of planning and development services. If the proposed development or development activity is not subject to master development plan review, the building permit application shall include the information required by Appendix "B" to this chapter. The director ~~of planning and development services~~ shall assist the applicant in determining which materials are required for a submittal. Building permit applications are required and available from the department of ~~planning and~~ development services.

   (3)   Completeness Review. The director ~~of planning and development services~~ shall review an application for completeness within two (2) working days. The appellate agency for purposes of completeness review (see subsection 35-402(c) of this chapter) shall be the board of adjustment.

   (4)   Decision. When the required materials are submitted to each respective department, the department of ~~planning and~~ development services shall review its application for conformance with applicable building codes and for conformance with this chapter. Within five (5) working days of receipt of a complete application, the director ~~of planning and development services~~ shall approve, approve with conditions, or deny the application for a building permit for purposes of this chapter.[4*] Applications which are denied shall have the reasons for denial, in writing, attached to the application. If the director ~~of planning and development services~~ fails to render a decision relating to the building

4

permit application within this time period, the application shall be deemed approved. Such time periods shall not prevent the applicant and the city from agreeing to extend the city's response time contained in this subsection.

¹Note: This subsection does not apply to review of the building permit application for purposes of compliance with the building code in which case the department of ~~planning and~~ development services shall respond within thirty-five (35) days.

    (5) Approval Criteria. The building permit shall be issued by the director only if the application complies with all applicable provisions of this chapter and any approved specific use authorization, conditional rezoning or master development plan.

    (6) Subsequent Applications. Not applicable.

    (7) Amendments. Any revision to an application for a building permit shall be processed in the same manner as the original application.

    (8) Scope of Approval. The building permit shall be valid for a period of one hundred eighty (180) days in accordance with the International Building Code.

    (9) Recording Procedures. An application for a building permit shall be maintained in the files of the department of ~~planning and~~ development services provided, however, that the applicant shall have the responsibility to maintain an original signed copy of the approved building permit.

(b) Certificate of Occupancy. Certificate of occupancy <u>for improvements to the premises</u> shall be issued in accordance with chapter 6 of the City Code and the International Building Code. No certificate of occupancy shall be issued if said development activities do not conform to the applicable zoning district <u>boundary</u> or the approved master development plan, subdivision plat, or other previously issued permit or development order. The director ~~of planning and development services~~ may issue a temporary certificate of occupancy pursuant to the building code. A certificate of occupancy shall not be required for a single-family dwelling unit, a child care facility which does not require a state license, or a home occupation.

(c) <u>Zoning Determination</u> ~~Certificate of Occupancy~~ for <u>a</u> Sexually Oriented Business <u>use.</u> (See Sexually Oriented Business Regulations)

    (1) Applicability. No sexually oriented business <u>use</u> shall be commenced or established unless and until a <u>zoning determination for the use</u> ~~certificate~~

of occupancy has been issued by the director <u>and a license for the use has been issued by the Chief of Police</u>.

(2)  Initiation. The applicant shall file a complete application for a <u>zoning</u> <u>determination for the use</u> with the director ~~of planning and development services~~. The application shall <u>be on a form prescribed by the director and</u> include the information prescribed by Appendix "B", <u>Section 35-B118</u> ~~35-B117~~.

(3)  Completeness Review. See subsection 35-424 (a)(3) ~~of this section~~. <u>An applicant may appeal a determination by the director that an application is incomplete. The director shall schedule the appeal for hearing and decision at the next available regularly scheduled zoning board of adjustment meeting that will allow compliance with the Texas Open Meetings Act.</u> The board of adjustment shall render its decision affirming or denying the <u>decision</u> ~~application~~ of the director within ten (10) days. If the board of adjustment fails to render its decision, the application shall be deemed complete and the director ~~of planning and development services~~ shall process the application as provided in subsection (4), below.

(4)  Decision. The director ~~of planning and development services~~ shall either issue or deny an application for a <u>zoning determination for the use</u> ~~certificate of occupancy~~ or a building permit for a sexually oriented business not more than thirty (30) business days subsequent to the date of the applicant's submission of an application therefore. If granted, the applicant shall be notified of such action by certified mail, return receipt requested. If denied, the applicant shall be notified of such action and the reason(s) therefor by certified mail, return receipt requested. The issuance of a <u>zoning determination</u> ~~certificate of occupancy~~ shall not be withheld if the sexually oriented business is determined to be in compliance with all applicable sections of this chapter. The decision may be appealed pursuant to section 35-488 of this article.

(5)  Approval Criteria. No <u>zoning determination</u> ~~certificate of occupancy~~ for a sexually oriented business <u>use</u> shall be issued or approved, and no sexually oriented business <u>use</u> shall be established, except in conformance with the sexually oriented business regulations ~~(section 35-391)~~ of this chapter.

(6)  Subsequent Applications. No restriction on <u>the submission of</u> subsequent applications is imposed by this section.

(7)  Amendments. Amendments to an application for a <u>zoning determination</u> ~~certificate of occupancy~~ authorizing a sexually oriented business <u>use</u> shall be processed in the same manner as the original application.

6

(8)  Scope of Approval. The approval of a <u>zoning determination for a sexually oriented business use</u> <s>certificate of occupancy</s> shall expire and become null and void unless a certificate of occupancy <u>for the premises or improvements to the premises</u> is obtained <u>from the building official</u> within a period of six (6) months following the issuance <u>of the zoning determination</u> <s>thereof</s>.

(9)  Recording Procedures. See subsection <u>35-424(a)(9)</u> <s>(a)(9) of this section</s>.

\* \* \* \* \*

Chapter 35, Article IV, Section 35-488 is amended as follows:

**Sec. 35-488. - Appeal Procedures for Sexually Oriented Businesses.**

(a)  Appeal to City Board.

<u>(1)</u>  An applicant may appeal the denial of a certificate of occupancy for a sexually oriented business by the director <s>of planning and development services</s> if the reason for the denial is other than one based upon location of the business. Such appeals shall be made to the appropriate <u>technical</u> board or commission (i.e. plumbing board, electrical board, etc.) and in the manner prescribed in the applicable section of this chapter.

<u>(2)</u>  <u>An applicant may appeal the denial of a zoning determination for a sexually oriented business by the director if the reason for the denial is one based upon location of the business.</u>  <u>Such appeal may be made</u> <s>In the event that this chapter does not provide a specific avenue for appeal an applicant may appeal</s> to the zoning board of adjustment by letter mailed or delivered to said board and the secretary of the board shall schedule the appeal for hearing and decision at the next available regularly scheduled zoning board of adjustment meeting which will allow compliance with the Texas Open Meetings Act. The board, after a hearing at which all interested parties shall be afforded an opportunity to be heard, shall either affirm or overrule the decision of the director <s>of planning and development services</s>. Provided, however, the request for appeal must be made not more than ten (10) business days subsequent to the receipt of the decision of the director <s>of planning and development services</s> by the applicant.

<s>(b)  Appeal to Court. Notwithstanding the provisions of this subsection, an applicant who is denied the certificate of occupancy requested under the provisions of this chapter, may petition to any lawfully established court having jurisdiction of the subject matter, without first appealing to any board, including the zoning board of adjustment.</s>

7

\* \* \* \* \*

Chapter 35, Article IV, Section 35-497 is amended as follows:

**Sec. 35-497. - Sexually Oriented Businesses.**

(a) A person commits an offense if the person ~~Any natural person or corporate entity who~~ violates any provision of the sexually oriented business regulations in this chapter. ~~(section 35-388) shall be guilty of a~~ An offense under this section is a Class A ~~C~~ misdemeanor offense, and upon conviction thereof, shall be punished by:

(1) a fine not to exceed $4,000;

(2) confinement in jail for a term not to exceed one year; or

(3) both such fine and confinement.

~~a fine not to exceed two thousand dollars ($2,000.00).~~

(b) In addition to the criminal sanctions authorized by this section the subsection, the city attorney is authorized to bring a civil action in law or equity against any party who violates any provision of this section. The city attorney may bring a civil action against a party without first seeking criminal sanctions.

\* \* \* \* \*

Chapter 35, Article VII, Section 35-708 is amended as follows:

**Sec. 35-708. - Sexually Oriented Businesses.**

*STATEMENT OF PURPOSE*

*Commentary: Type A nonconforming use rights extend to those establishments granted such rights pursuant to the methodology established by Ordinance No. 82135, passed and approved April 27, 1995, and this chapter and are subject to section 35-706 of this chapter except for amortization at the direction of city council. Type B nonconforming use rights extend to all other establishments that were lawfully in operation either prior to the adoption of the sexually oriented business regulations ~~(section 35-391 of this chapter)~~ or outside of the city's corporate limits; but, as a result of the adoption of the sexually oriented business regulations ~~(section 35-391 of this chapter)~~, or annexation after the adoption of the sexually oriented business regulations ~~(section 35-391 of this chapter)~~, continued operation of the establishment is unlawful. A conforming use is one that is operating in a lawful manner consistent with the provisions of the sexually oriented business regulations ~~(section 35-391 of this chapter)~~.*

8

(a) Establishment of Nonconforming Use Rights for Sexually Oriented Businesses.

   (1) Type A Nonconforming Rights Pre-Dating Protected Use Within One Thousand (1,000) Feet. Any sexually oriented business legally operating on and after April 2, 1995, which is rendered nonconforming by the subsequent location of a protected use or a protected zone within the protected distance, shall have type A nonconforming use rights.

   (2) Type B Rights and Conforming Uses.

      A. Each sexually oriented business hereafter subject to the sexually oriented business regulations (section 35-391 of this chapter) through annexation must, within ninety (90) days of such annexation, apply for one (1) of two (2) classes of property use rights hereby established, as part of the application for a new certificate of occupancy:

         1. Type B nonconforming use rights of one-year duration from the date of issue of the certificate of occupancy; or

         2. Conforming.

      B. The ninety-day time period prescribed within this subsection for the establishment of use rights may be extended, and an application accepted after the expiration of ninety (90) days, if the director ~~of planning and development services~~ determines that the use existed prior to the date of annexation, the sexually oriented business was operating in compliance with all applicable laws, and the failure to timely file the application for one (1) of two (2) classes of property use was not a result of gross negligence or conscious indifference. The director shall render his decision within thirty (30) business days of receipt of the application and shall transmit said determination to the applicant by certified mail, return receipt requested. The applicant may appeal an adverse determination by filing a written notice of appeal with the city clerk within ten (10) days of the date of the decision of the director. The appeal must be filed by the <u>applicant or an</u> authorized agent of the applicant. The city clerk shall place said appeal on the city council agenda within sixty (60) days from the date notice is received.

      C. Type B nonconforming rights shall not be lost by the subsequent establishment of a protected use or protected zone within one thousand (1,000) feet.

(b) Certificates of Occupancy Pursuant to Ordinance No. 82135. Any business that holds a certificate of occupancy issued for a sexually oriented business

pursuant to the provisions of Ordinance No. 82135 of April 27, 1995 is not required to re-apply, and all such certificates of occupancy are hereby confirmed.

(c) Measurements. Measurements to determine if a sexually oriented business is conforming to type B nonconforming use shall be in the manner prescribed in the sexually oriented business regulations ~~(section 35-391 of this chapter)~~.

(d) Amortization of Type B Nonconforming Use Rights Beyond One (1) Year.

   (1) Amortization Hearing Before the Zoning City. The owner of a sexually oriented business that has been granted type B nonconforming use rights by the director ~~of planning and development services~~ may request a hearing before the city for a determination of a reasonable amortization period based upon the owner's investment and other generally accepted amortization factors in accordance with the appropriate provisions of section 35-706 of this chapter.

   (2) Time Limit. The application for the hearing shall be made upon a form provided by the department ~~of planning and development services~~ and must be filed by the owner of the sexually oriented business with the zoning city on or before the date the type B nonconforming use rights would otherwise expire.

   (3) Continuance of Nonconforming Rights. The filing of an amortization request shall continue the type B nonconforming use rights of a sexually oriented business to the date established by the city, who shall hear and determine the request after affording all interested parties an opportunity to be heard. If the city finds a reasonable amortization period is less than one (1) year, the period of nonconforming use rights may nevertheless continue for a minimum period of one (1) year from the date the type B nonconforming use certificate of occupancy is issued.

   (4) Judicial Review. A person aggrieved by the finding of the city may petition the district court for review as provided by Texas law.

\* \* \* \* \*

Chapter 35, Appendix A, Definitions and Rules of Interpretation, Section 35-A101 is amended as follows:

**Sec. 35-A101. - Definitions and Rules of Interpretation**

\* \* \* \* \*

~~(1)~~    *Adult arcade* means any "premises" ~~place~~ to which members of the public or members of any club, group or association are admitted and ~~is~~ permitted ~~or invited, wherein coin-operated or slug-operated or electronically, electrically, or mechanically controlled still or motion picture machines, projectors, or other image-producing~~ to use one or more arcade devices ~~are designed and maintained to show images to five (5) or fewer persons per machine or device at any one time, and where the images so displayed are distinguished or characterized by the depiction or description of specified sexual activities or specified anatomical areas.~~

~~(2)~~    *Adult bookstore* means an adult bookstore, adult novelty store, or adult video store where more than thirty (30) ~~twenty (20)~~ percent of its inventory (that is offered for sale, rental or viewing for any form of consideration to on-premises customers) or floor space consists of one (1) or more of the following:

(a)    Books, magazines, or sound recordings, or printed, visual or audio material of any kind which are are characterized by their emphasis on the description or depiction of specified anatomical areas or specified sexual activities; or

(b)    Non-contraceptive instruments, devices, toys, or paraphernalia designed for use in connection with specified sexual activities, books, magazines, pamphlets, pictures, drawings, photographs, motion picture films, or sound recordings, or printed, visual or audio material of any kind, which, because of the depiction or description of specified sexual activities in the materials offered for sale, is restricted to adults.

(c)    Novelty items designed as sight gags, advertised as such and not designed or advertised for sexual activity, are not instruments or devices as defined and regulated herein.

~~*Adult bookstore*. A business enterprise which has a substantial or significant portion of its stock in trade in, or which has as its main purpose the offering for sale of books, magazines, pamphlets, pictures, drawings, photographs, motion picture films or sound recordings, or printed, visual or audio material of any kind, which are characterized by their emphasis on the description or depiction of specified anatomical areas or specified sexual activities; or a business establishment which offers for sale books, magazines, pamphlets, pictures, drawings, photographs, motion picture films, or sound recordings, or printed, visual or audio material of any kind, which entire business establishment, because of the depiction or description of specified anatomical areas or specified sexual activities in the materials offered for sale, is restricted to adults, or is advertised or promoted as being restricted to adults.~~

*Adult Cabaret* means an establishment that, as one of its primary business purposes, offers to customers live entertainment which is intended to provide sexual stimulation or sexual gratification to such customers, and which is distinguished by or characterized by an emphasis on matter depicting, describing or relating to specified sexual activities, or specified anatomical areas.

~~*Adult entertainment establishment.* A place of business where live entertainment is provided for patrons, or a portion of a business set aside for providing live entertainment to patrons, in which a significant portion of the entertainment is characterized by an emphasis on the exhibition, depiction, or description of specified anatomical areas or specified sexual activities; or a place where entertainment is provided to patrons wherein, because of the exhibition of specified anatomical areas or specified sexual activities, admittance is limited to adults, or admittance is advertised or promoted as being restricted to adults.~~

*Adult mini-theater* means any premises that is subject to regulation under Chapter 243 of the Local Government Code, as amended, to which members of the public or members of any club, group or association are admitted and permitted to use one or more 'mini-theatre devices.'

~~(4)~~   *Adult motel* means a motel, hotel or similar commercial establishment which: (a) offers public accommodations, in any form of consideration, which provides patrons with closed-circuit television transmission, films, motion pictures, video cassettes, slides, or other photography reproductions which are characterized by the depiction or description of specified sexual activities or specified anatomical areas, and (b) which advertises the availability of this sexually oriented type of material by means of a sign visible from the public right-of-way, or by means of any off-premises advertising, including, but not limited to, newspapers, magazines, pamphlets, leaflets, radio, or television.

~~*Adult motion picture theater.* A business place where motion pictures are shown to paying customers when such place is used for presenting material having as its dominant theme, or distinguished or characterized by, an emphasis on the depiction or description of specified anatomical areas or specified sexual activities for observation by patrons, and where admittance to such showings is totally limited to adults.~~

~~*Adverse effect.* A negative change in the quality of the historical, architectural, archaeological, or cultural significance of a resource, or in the characteristics that qualify the resource as historically, architecturally, archaeologically or culturally important.~~

*Adverse or Negative secondary effects* means any one of the following conditions caused by the existence of or geographic proximity to a sexually oriented business:

(a)   The existence of violations of law, including but not limited to: prostitution, promotion of prostitution, aggravated promotion of prostitution, compelling prostitution, obscenity, sale or distribution or display of material harmful to a minor, sexual performance by a child, employment harmful to children, possession or promotion of child pornography, public lewdness, indecent exposure, indecency with a child, sexual assault, aggravated sexual assault, pandering, loitering, trespass, or any violation of Chapter 481 of the Texas Health and Safety Code, criminal attempt to conduct a violation of law, criminal conspiracy to conduct a violation of law, or solicitation to conduct a violation of law.

(b)   Diminution of surrounding property value.

(c) Unsanitary health conditions resulting from improper disposition of bodily secretions thereby posing a threat of spreading infection or disease.

(d) Those adverse secondary effects found to exist by the Texas Legislature at Section 243.001(a) of the Texas Local Government Code.

(e) Those adverse secondary effects described by the United States Fifth Circuit Court in *J&B Entm't, Inc. v. City of Jackson, Miss.*, 152 F.3d 362 (5th Cir. 1998) and by the United States Supreme Court in *City of Erie v. Pap's A.M.*, 529 U.S. 277 (2000) and by the City of Jackson, Mississippi and the City of Erie, Pennsylvania as described in the legal opinions therein.

\* \* \* \* \*

*Arcade Device* means any coin, currency or slug operated or electronically or mechanically controlled machine or device that dispenses or effectuates the dispensing of "entertainment" that is intended for the viewing of five or fewer persons in exchange for any payment of consideration.

\* \* \* \* \*

(7) *Massage parlor* means any place where, for any form of consideration or gratuity, massage, alcohol rub, administration of fomentation, electric or magnetic treatments, or any other treatment or manipulation of the human body which occurs as a part of, or in connection with, such treatment, manipulation, or service related thereto, exposes specified anatomical areas. The definition of a massage parlors shall not include the practice of massage in any licensed hospital, nor by a licensed massage therapist, hospital, licensed physicians, surgeons, chiropractor, osteopath, nurse, technician working under the supervision of a licensed physician, surgeon, chiropractor, or osteopath, nor by trainers of any amateur, semiprofessional or professional athlete or athletic team or school athletic program.

\* \* \* \* \*

(9) *Nude modeling studio* means any place where a person who, for money or any form of consideration, appears in a state of nudity or displays specified anatomical areas, to be observed, sketched, drawn, painted, sculptured, photographed, or otherwise depicted by other persons. This definition shall not include nude modeling by an adult that occurs in conjunction with art classes of a university, college, or any art class supervised by an art instructor paid by an arts school.

(13) *Nude or nudity or state of nudity* means:

(a) The appearance of the bare buttock; anus; male genitals; female genitals; or entire female breast; or

> (b) A state of dress which fails to completely and opaquely cover the buttock; anus; male genitals; female genitals; or entire female breast.
>
> ~~Nudity. Total absence of clothing or covering for the human body.~~

~~(10)~~ *Nudity attraction establishment* means any place of business where nudity or semi-nudity is regularly or routinely advertised as a characteristic of the business or which regularly attracts patrons with nudity or semi-nudity.

\* \* \* \* \*

> ~~*Partial nudity.* Exposure of the female breast or breasts, or exposure of the male or female pubic area or buttocks.~~

\* \* \* \* \*

~~(14)~~ *Semi-nude or semi-nudity or state of semi-nudity* means a state of dress that ~~which~~ fails to completely and ~~fully~~ opaquely cover ~~the crevice of the human buttocks, genitals, pubic region, and the post puberty female breast areola.~~:

> (a) Human genitals, pubic region or pubic hair; or
>
> (b) Crevice of buttocks or anus; or
>
> (c) Any portion of the female breast that is situated below a point immediately above the top of the areola; or
>
> (d) Any combination of (a), (b), or (c).

\* \* \* \* \*

~~(8) Sexual encounter establishment means any business or commercial establishment that, as of its primary business purposes, offers for any form of consideration, a place where two (2) or more persons may congregate, associate, or consort for the purpose of specified sexual activities or the exposure of specified anatomical areas when one (1) or more of the persons is in a state of nudity or semi-nudity. The definition of sexual encounter establishment shall not include an establishment where a medical practitioner, psychologist, psychiatrist, or medical professional, licensed by the state engages in medically approved and recognized therapy or treatment.~~

> *Sexually oriented business* means an adult arcade, adult bookstore, ~~adult entertainment establishment,~~ adult motel, ~~adult motion picture theater,~~ adult mini-theater, massage parlor, sexual encounter establishment, nude modeling studio, nudity attraction establishment, or any establishment that, as one of its primary business purposes, offers a service, live entertainment or the selling, renting, or exhibiting of devices or any specified anatomical parts intended to provide sexual stimulation or sexual gratification to the

14

customer and which is distinguished by or characterized by an emphasis on matter depicting, describing or relating to specified sexual activities or specified anatomical areas. Said term shall include any business that self-identifies itself as a sexually oriented business. ~~Includes any of the land uses defined as follows:~~

> ~~(3) Adult entertainment establishment means a nightclub, bar, restaurant "bottle club", "men's club", "gentlemen's club", "cabaret" or similar place of business, or portion thereof where live entertainment is provided for patrons, whether or not alcoholic beverages are served which features as a portion of the entertainment the exhibition, depiction, or description of specified anatomical areas or specified sexual activities; or a place where entertainment is provided to patrons wherein, because of the nudity or semi-nudity of person(s) employed by or associated with the operation of the business, admittance is limited to adults, or admittance is advertised or promoted as being restricted to adults.~~
>
> ~~(5) Adult motion picture theater means a business place where one (1) or more films, videos, slides, motion pictures, or similar photographic reproductions are shown that have as a dominant theme, or are distinguished by, an emphasis on the depiction or description of specified sexual activities for observation by patrons or guests, and where admittance to such showings are restricted to adults.~~
>
> ~~(6) Adult theater means a theater, concert hall, auditorium, or similar commercial establishment which, for any form of consideration, regularly features employees, volunteer patrons, or independent contractors, who appear nude or semi-nude and/or engage in specified sexual activity, or live performances which are characterized by exposure of specified anatomical areas or engagement in specified sexual activities.~~

~~*Additional definitions are as follows:*~~

> ~~(15) Negative secondary effects means any one (1) of the following conditions caused by geographic proximity to a sexually oriented business:~~
>   ~~(a) Depreciation in surrounding property values; and/or~~
>   ~~(b) Violations of law not limited to but including: indecent exposure, drug use, prostitution, pandering, exposing minors to harmful materials, possession and distribution of obscene materials, possession and distribution of controlled substances, public intoxication, disturbing the peace, and/or~~
>   ~~(c) Adverse impact upon the City of San Antonio's central business district as a family oriented vacation destination.~~

The term 'sexually oriented business' shall not be construed to include:

(1) Any business operated by or employing licensed psychologists, licensed physical therapists, licensed athletic trainers, licensed cosmetologists, or licensed barbers performing functions authorized under the licenses held;

(2) Any business operated by or employing licensed physicians or licensed chiropractors engaged in practicing the healing arts; or

(3) Any retail establishment whose major business is the offering of wearing apparel for sale to customers.

~~(11)~~ *Specified anatomical areas* means failure to completely and opaquely cover: ~~the human genitals, crevice of buttocks, pubic region, anus, and the areola of the post puberty female breast.~~

    (a)    Human genitals, pubic region or pubic hair; or
    (b)    Crevice of buttocks or anus; or
    (c)    Any portion of the female breast that is situated below a point immediately above the top of the areola; or
    (d)    Human male genitals in a discernibly erect state, even if completely and opaquely covered.
    (e)    Any combination of the foregoing

~~(12)~~ *Specified sexual activity* means actual and simulated human genitals in a state of sexual stimulation or arousal, even if completely and opaquely covered, actual or simulated human masturbation, sexual intercourse, sodomy, fellatio, cunnilingus, fondling or other erotic touching of human genitals, pubic region, buttock or female breast, and excretory functions as part of or in connection with the above described activity or any act of bestiality, sadomasochism or physical contact with a person's own or another person's specified anatomical area.

~~(13) Nude or nudity or state of nudity means a state of dress which fails to cover the human anus, genitals, pubic region, and the areola of the post puberty female breast.~~

~~(14) Semi-nude or semi-nudity or state of semi-nudity means a state of dress which fails to fully opaquely cover the crevice of the human buttocks, genitals, pubic region, and the post puberty female breast areola.~~

\* \* \* \* \*

*Sexually oriented business regulations.* In addition to this chapter, ~~See section 35-391 of this chapter~~ see also Chapter 21 of the City Code of the City of San Antonio, Texas.

\* \* \* \* \*

~~*Specified anatomical areas.* Any showing of either the adult or minor human male or female genitals, anus or pubic area with less than a full opaque covering, or the showing of the post-puberty female areola with less than a full opaque covering.~~

\* \* \* \* \*

~~*Specified sexual activities.* Acts of masturbation, sexual intercourse, homosexuality or lesbianism, sodomy, fellatio, sadomasochism or physical contact with a person's own or another person's specified anatomical areas.~~

\* \* \* \* \*

Chapter 35, Appendix B, Application Submittal, Section 35-B118 is amended as follows:

### Sec. 35-B118. - Sexually Oriented Business.

If the subject building or portion of the building is intended for future use or is currently used as a "sexually oriented business", then the following shall be submitted attached to and made part of the application for certificate of occupancy and/or building permit:

(a) A certified survey map prepared by a state licensed surveyor or state licensed engineer which shows the required minimum distances from properties with protected uses or protected zoning; and

(b) A sworn affidavit stating the name and mailing address of all owner(s) of the planned, or existing, sexually oriented business; and

(c) If a corporate owner, the current name and street address of the corporate president and the registered agent for service on file with the Texas Secretary of State.

(d) It shall be a violation of this ordinance for an owner of a sexually oriented business to fail or refuse to submit the prerequisite certified survey map or to fail or refuse to register the names and addresses of the owner(s). Without both the certified survey map and owner identification, no valid certificate of occupancy and/or building permit can be issued. Upon discovery of the absence of or the incorrectness of either document, the certificate of occupancy and/or building permit shall be declared invalid by the director ~~of planning and development services~~.

(e) <u>Permit/license issued by the Chief of Police</u>

\* \* \* \* \*

Chapter 35, Appendix C, Fee Schedule, Section 35-C107 is amended as follows:

17

**Sec. 35-C107. - Sexually Oriented Businesses.**

A "sexually oriented business certificate of occupancy fee" of <u>six hundred fifty ($650)</u> ~~five hundred seventy-five~~ dollars ~~($575.00)~~ shall be paid to the City of San Antonio with the submission of each application for a certificate of occupancy for a sexually oriented business to pay for the cost of review and verification of accuracy of the application, survey maps, ownership information, and conformance with other certificate requirements.

\* \* \* \* \*

**SECTION 3.** All other provisions of Chapter 35 of the City Code of San Antonio, Texas shall remain in full force and effect unless expressly amended by this ordinance.

**SECTION 4.** Should any Article, Section, Part, Paragraph, Sentence, Phrase, Clause, or Word of this ordinance, for any reason be held illegal, inoperative, or invalid, or if any exception to or limitation upon any general provision herein contained be held to be unconstitutional or invalid or ineffective, the remainder shall, nevertheless, stand effective and valid as if it had been enacted and ordained without the portion held to be unconstitutional or invalid or ineffective.

**SECTION 5.** Notice of these changes to the Unified Development Code shall require the publication in an official newspaper of general circulation in accordance with Section 17 of the City Charter.

**SECTION 6.** The publishers of the City Code of San Antonio, Texas are authorized to amend said Code to reflect the changes adopted herein and to correct typographical errors and to index, format and number paragraphs to conform to the existing code.

**SECTION 7.** This ordinance shall be effective immediately upon passage by eight or more affirmative votes; otherwise, it shall be effective on the tenth day after passage.

**PASSED AND APPROVED** this the 6th day of December, 2012.

MAYOR
Julián Castro

ATTEST:
Leticia M. Vacek, City Clerk

APPROVED AS TO FORM:
Michael D. Bernard, City Attorney

  

# Agenda Voting Results - 16B

| | |
|---|---|
| Name: | 5, 6, 7, 8A, 8B, 9, 10A, 10B, 11, 12, 13, 14, 15, 16A, 16B, 17A, 17B, 17C, 18, 19, 20, 21, 23, 24, 25, 26A, 26B |
| Date: | 12/06/2012 |
| Time: | 02:23:22 PM |
| Vote Type: | Motion to Approve |
| Description: | An Ordinance amending Chapter 35, Unified Development Code, of the City of San Antonio, Texas by amending provisions regarding Sexually Oriented Businesses; amending definitions; and providing for publication. |
| Result: | Passed |

| Voter | Group | Not Present | Yea | Nay | Abstain | Motion | Second |
|---|---|---|---|---|---|---|---|
| Julián Castro | Mayor | | x | | | | |
| Diego Bernal | District 1 | | x | | | | |
| Ivy R. Taylor | District 2 | | x | | | | |
| Leticia Ozuna | District 3 | | x | | | | |
| Rey Saldaña | District 4 | | x | | | | |
| David Medina Jr. | District 5 | | x | | | | |
| Ray Lopez | District 6 | | x | | | x | |
| Cris Medina | District 7 | x | | | | | |
| W. Reed Williams | District 8 | | x | | | | |
| Elisa Chan | District 9 | | x | | | | x |
| Carlton Soules | District 10 | | x | | | | |