SA13CA0034 OG

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2005 MAY 11 P 2: 39
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
      DEPUTY

| | |
|---|---|
| ALLSTARS, PT's, SUGARS, XTC, JANE ROE I and JANE ROE II, Plaintiffs, | § § § § |
| PARADISE ENTERTAINMENT, INC., and NEVADA, INC., Plaintiff-Intervenors, | § § § § CIVIL ACTION § SA 03 CA 356 FB |
| vs. | § § |
| CITY of SAN ANTONIO, TEXAS Defendant, | § § § |

## ADVISORY TO THE COURT –
## APPROVAL OF SETTLEMENT AGREEMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Defendant and files this its Advisory to the Court – Approval of Settlement Agreement.

1. The City Council of the City of San Antonio, meeting in regular session on May 5, 2005, approved Ordinance 100821 by a vote of 6 to 2. A certified copy of the ordinance is attached as Exhibit A.

2. Ordinance 100821 approves the Settlement Agreement signed on April 27, 2005 by the undersigned as counsel for the City, and by counsel for Plaintiffs.

3. Attached as Exhibit B is the text of Section 1-15 of the Charter of the City of San Antonio which provides that upon approval by a vote of fewer than eight members of the entire council, the ordinance becomes effective ten days after passage, May 15, 2005.

(141.)

Exhibit B
Page 1 of 11 pages

4.  Amendments to the Human Display Ordinance will now be drafted, and tentatively scheduled for City Council consideration in June, 2005.

Respectfully submitted,

**LAW OFFICES OF
WILLIAM M. McKAMIE, P.C.**
13750 San Pedro, Suite 640
San Antonio, Texas 78232
(210) 546-2122
(210) 546-2130 (Telecopier)

By: *[signature]*
WILLIAM M. McKAMIE
State Bar No. 13686800
BARBARA L. QUIRK
State Bar No. 16436750
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served according to the Federal Rules of Civil Procedure, in the manner specified below on May 6, 2005, addressed to:

| | |
|---|---|
| Mr. James O. Deegear, III<br>Attorney at Law<br>441 Burr Road<br>San Antonio, Texas 78209-5907 | Via facsimile 930-3607 |
| Mr. Bradley J. Shafer<br>SHAFER & ASSOCIATES, P.C.<br>3800 Capital City Boulevard, Suite 2<br>Lansing, MI 48906-2110 | Via facsimile 517-886-6565 |

*[signature]*
WILLIAM M. McKAMIE

H:\Docs\All Stars\Pleading\Advisory to Crt 4.wpd

# EXHIBIT "A"

DJD
Item No. 25
May 5, 2005

AN ORDINANCE 100821

APPROVING THE SETTLEMENT AGREEMENT IN THE LAWSUIT STYLED *ALLSTARS ET AL V. CITY OF SAN ANTONIO*, CIVIL ACTION NUMBER SA-03-CA-356-FB, IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION.

\* \* \* \* \*

**WHEREAS**, the City of San Antonio enacted Ordinance Number 97497 regulating the conduct that occurred in Human Display Establishments;

**WHEREAS**, the City of San Antonio enacted Ordinance 100190 amending those provisions of the City Code adopted by Ordinance Number 97497;

**WHEREAS**, several human display establishments filed a lawsuit against the City of San Antonio challenging the constitutionality of these ordinances and code provisions;

**WHEREAS**, the Honorable Fred Biery, United States District Judge for the Western District of Texas, ordered the parties to the lawsuit to enter mediation in an attempt to achieve a settlement of the issues involved therein;

**WHEREAS**, representatives of the City of San Antonio and the human display establishments have reached a preliminary Settlement Agreement subject to the approval of the City Council for the City of San Antonio;

**WHEREAS**, the City Council of the City of San Antonio has reviewed the preliminary Settlement Agreement and concurs with it; **NOW THEREFORE**

**BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF SAN ANTONIO:**

**SECTION 1.** The City Council authorizes and approves the Settlement Agreement signed on April 27, 2005 by attorney William M. McKamie for the City of San Antonio in the aforementioned lawsuit.

SECTION 2. The City Manager and the City Attorney are authorized and directed to take all necessary measures to effect the terms of the Settlement Agreement.

SECTION 3. This Ordinance is effective immediately upon approval of eight or more City Council members.

PASSED and APPROVED this 5th day of May, 2005.

MAYOR
EDWARD D. GARZA

ATTEST: _____
City Clerk

APPROVED AS TO FORM: _____
City Attorney



STATE OF TEXAS  
COUNTY OF BEXAR  } SS.            CERTIFIED COPY
CITY OF SAN ANTONIO

The undersigned, the City Clerk of the City of San Antonio in the State and County afore said, does by these presents certify that the attached and foregoing is a true and exemplified copy of a part of the records, papers and books in the Office of the City Clerk; and, that I am the custodian of such papers, books and records in and for the City of San Antonio.

Given under my hand and the official seal of the City of San Antonio, this 6th day of May A.D. 2005.
(SEAL)

City Clerk, City of San Antonio.

2

## SETTLEMENT AGREEMENT

Re: Civil Action No. SA-03-CA-356-FB; *Allstars, et al v. City of San Antonio*;
United States District Court, Western District of Texas, San Antonio Division

The following constitutes the agreement of the parties, acting by and through counsel, for the settlement -- subject to approval by the City Council of San Antonio -- of the litigation pending, as above referenced, regarding the Human Display Ordinance of the City of San Antonio:

1. **OWNERSHIP CULPABILITY**

   - Criminal culpability of owners based upon violations of employees will be eliminated. Owners will, however, remain culpable for their own, personal violations.

   - To apply for, obtain and maintain a Human Display Permit, an establishment must designate a representative owner or group of owners with a minimum 35% ownership interest in the operation of the Human Display Establishment as "Owner-Operator" to be responsible and culpable under the permitting provisions of the ordinance. Language in other sections of the ordinance will need to be redrafted to reflect this change.

2. **CONDITIONS FOR PERMIT SUSPENSION/REVOCATION**

   - The conditions set forth in Section 21-407(a) are to be changed from 3 to 4 offenses, each occurring on a separate date, within the requisite time periods for each type of permit.

   - Only acts occurring after the effective date of the amending ordinance enacted in settlement of this cause shall be counted toward the cumulative totals presently referenced under Section 21-407(2)(c) and (3)(b) of the ordinance for the revocation or suspension of permits. The amending ordinance shall take effect ninety (90) days after its adoption.

3. **ADMINISTRATIVE APPEAL**

   - The standard of review upon appeal to a Hearing Officer of a suspension or revocation of any permit required under the ordinance shall be *de novo*. The standard of judicial review of a decision of the Hearing Officer upon appeal to the District Court shall be under the substantial evidence rule.

   - Upon appeal of a suspension or revocation of any permit required under the ordinance, it shall be within the authority of the Hearing Officer to uphold the suspension or revocation, overturn the suspension or revocation, or order a 60-day suspension of the permit.

   - When a Human Display Permit issued to a designated Owner-Operator is subject to revocation upon a second violation of the conditions set forth in Section 21-407(a)(2), the Hearing Officer will have the discretion whether to revoke or suspend the permit based upon consideration of the severity of the underlying offenses.

1

Case 5:03-cv-00356-FB  Document 141  Filed 05/11/05  Page 7 of 11
PR/28/2005/THU 05:19 PM  LAW C WM MCKAMIE         FAX No. 2105462         P. 005/007

Apr 28 05 04:38p    Jim Deegear            (210) 830-3607            p.4

4. **MINIMUM LIGHTING REQUIREMENTS**

   Minimum lighting level will change from three (3) foot-candles to one (1) foot-candle.

5. **TEMPORARY ENTERTAINER PERMITS**

   - Temporary Entertainer Permits, valid for one week (any 7-day period), with a maximum of four such permits per calendar year per entertainer and a limit a of 12 per calendar year per Human Display Establishment will allow featured entertainers to perform in a permitted Human Display Establishment for a fee of $50 per permit.

   - Prior to 3 p.m. on the last business day on or before the first performance by the Temporary Entertainer, the Manager of the Human Display Establishment shall cause to be delivered to the Police Department the completed permit application form with the requisite fee. If the photo identification and signature of the Temporary Entertainer are not available at that time, those items shall be faxed or delivered to the Police Department and vouched for by the Manager prior to the time of the first performance by the Temporary Entertainer.

   - A Temporary Entertainer Permit shall be tied to the sponsoring Human Display Establishment and is not transferable among Human Display Establishments.

   - To obtain a Temporary Entertainer's Permit, the featured performer must present a valid, current state identification card or driver's license, United States Military Identification card, or an unexpired U.S. passport, indicating a residence address outside of Bexar County, Texas.

5. **PERMITS & PORTABILITY**

   - Permits for Entertainers and Floor-Managers shall be portable to allow individual permit-holders to work in multiple Human Display Establishments during the pendency of the permit without acquiring separate permits. Only one (1) permit fee will be charged for such a permit. (This shall not apply to Temporary Entertainer Permits.)

   - The permit worn by an Entertainer shall display the Entertainer's photograph and her identification number assigned by the City.

6. **MANAGER PERMITS**

   - At least one current, valid, non-suspended Manager's Permit will be required to be in effect at all times for each Human Display Establishment.

   - The Manager shall be responsible for insuring that each Entertainer and Floor-Manager holds a valid permit.

   - Upon completion and submission of an application, a person may hold a Temporary Manager's Permit which shall be valid for 10 days or until the issuance of a Manager's Permit, whichever first occurs.

   - A Manager while on duty shall wear a badge clearly identifying him or her as the "Manager" and each Floor-Manager shall, likewise, each wear a badge clearly identifying him or her as a

2

"Floor-Manager." The badge may contain a photograph of the permit-holder and his or her identification number assigned by the City, but shall not display the name of the permit-holder.

7. **EXCEPTION REPLACES AFFIRMATIVE DEFENSE**

The affirmative defense provision shall be eliminated for Entertainers and replaced by an exception so that it is the same as for managers and owners under the ordinance.

8. **APPLICATION FORMS**

Application forms for all permits will comport with the requirements of the ordinance so that the Chief of Police does not have discretion to inquire of permit applicants about additional information, but only to make follow-up inquiries to insure the information contemplated under the ordinance is complete and accurate. The application forms shall also require: name; address; a valid, current state identification card or driver's license, United States Military Identification card, or an unexpired U.S. passport; and social security number, if issued. The City shall draft the application forms.

9. **CONFIGURATION/LINE OF SIGHT**

Provisions regarding configuration of doors, including glass and locks, to ensure the business offices and other specified areas of the Human Display Establishments are not subject to the line of sight requirements and other technical requirements which have been discussed and agreed upon by the parties will be redrafted by the City.

10. **"EMPLOYEE"**

The definition of the term "employee" will be redrafted to exclude providers of legitimate accounting services, legal services, and deliverers of goods for immediate use by establishment operations (not including goods for use by entertainers) and premises maintenance services for the Human Display Establishment.

11. **OFFENSE — TOUCHING THE BREAST OF ANOTHER**

The definition of "specified sexual activities" will be changed to include the term "of another" after the term "female breast."

12. **GENERAL SETTLEMENT ISSUES**

- Each party will bear its own costs and attorneys' fees.

- Upon acceptance of this Agreement by the San Antonio City Council, the parties will move the Court to approve same and dismiss this cause with prejudice to the reassertion by Plaintiffs of any claim or action for injunctive or declaratory relief with respect to the ordinance (whether in its present or previous form), or any claim for damages, attorney fees or costs in connection therewith. The right to assert the legality or constitutionality of the

3

ordinance as a defense in any proceeding is reserved to Plaintiffs, and the Court herein is making no findings as to the constitutionality of the ordinance in question (whether in its present or previous form) or as it may be amended.

- The City shall promptly and reasonably draft terms for the amended ordinance.

- Prior to submission to City Council for approval, the redrafted ordinance shall be presented to the Magistrate Judge for review and comment with respect to its conformity with the terms of this of this Agreement.

- The ordinance, as amended in accordance with this Agreement, will not take effect for ninety (90) days during which period permit applications will occur and the Human Display Establishments will have time both to educate their employees and entertainers, and to make any necessary changes to their facilities.

- Confidentiality of permit information and records shall be governed by the applicable provisions of the Texas Public Information Act, Texas Attorney General Opinions, and the *Northwest Enterprises* case.

AGREED & ACCEPTED (subject to Council approval):

_____              _____
James O. Deegear III,                  William M. McKamie,
Attorney for Plaintiffs                Attorney for Defendant

Date: April 28, 2005                   Date: 4-27-05

4

# EXHIBIT "B"

Charter

City of San Antonio, Texas

Sec. 1-15. Effective date of ordinances; no emergency clause necessary.

1. (a) All ordinances shall become effective upon the date stated in the ordinance; if no date is stated, then the ordinance shall become effective ten (10) days after its passage.

(b) No emergency clause shall be necessary to make an ordinance effective on the date it is passed and approved, if such ordinance is approved by the council by a vote of eight (8) members of the entire council; provided, any measure making or amending a grant, renewal or extension of a franchise or other special privilege shall not become effective until at least ten (10) day from its passage and approval.

(Ord. No. 17210, § 1, 2-21-52; Code 1959, § 1-15)